1  COTKIN & COLLINS
   A PROFESSIONAL CORPORATION
2  Robert G. Wilson, SBN 58653
   e-mail: rgw@cclawfirm.cc
3  Terry C. Leuin, SBN 105968
   e-mail: tcl@cclawfirm.cc
4  300 South Grand Avenue, 24th Floor
   Los Angeles, CA 90071-3134
5  Telephone:   (213) 688-9350
   Facsimile:   (213) 688-9351
6
   COTKIN & COLLINS
7  A PROFESSIONAL CORPORATION
   William D. Naeve, SBN 92270
8  e-mail: wdn@cclawfirm.cc
   200 West Santa Ana Blvd., Suite 800
9  Santa Ana, CA 92701-7536
   Telephone:   (714) 835-2330
10 Facsimile:   (714) 835-2209

11 Attorneys for Defendant Insurance
   Corporation of New York
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14

15
   FAIRMONT SPECIALTY INSURANCE   )    No.  CV
16 COMPANY, a Delaware corp-       )
   oration, and TIG INSURANCE      )
17 COMPANY, a California corp-      )
   oration,                        )    NOTICE OF REMOVAL OF ACTION
18                                  )    UNDER 28 U.S.C. § 1441
                     Plaintiffs,   )    (DIVERSITY)
19                                  )
        vs.                        )
20                                  )
   INSURANCE CORPORATION OF NEW    )
21 YORK, a New York corporation,   )
   DEPENDABLE SHEET METAL, a       )
22 California corporation, and     )
   DOES 1 through 10,              )
23                                  )
                     Defendants.   )
24 ─────────────────────────────── )

25

26 TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

27       NORTHERN DISTRICT OF CALIFORNIA

28            PLEASE TAKE NOTICE that defendant Insurance

314158-1.wpd

1  Corporation of New York ("INSCORP"), a New York corporation,

2  through its attorneys, pursuant to 28 U.S.C. §1441, hereby

3  removes the above-captioned civil action from the Superior Court

4  of the State of California for the County of Contra Costa to the

5  United States District Court for the Northern District of

6  California.  Removal is proper on the following grounds:

7       1.   Plaintiffs Fairmont Specialty Insurance Company

8  ("Fairmont") and TIG Insurance Company ("TIG")(collectively,

9  "Plaintiffs") filed their Complaint against INSCORP and

10  Dependable Sheet Metal ("Dependable") on May 29, 2007.

11  INSCORP's Agent for Service of Process in California was served

12  with the Summons and Complaint on June 4, 2007.  True and

13  correct copies of all process, pleadings, and orders that have

14  been served upon INSCORP to date in the action are attached as

15  Exhibit 1 hereto.

16                          Jurisdiction

17       2.   The United States District Court for the Northern

18  District of California has original jurisdiction over this

19  action under the diversity statute.  28 U.S.C. § 1332(a).

20  Diversity jurisdiction exists because, when the parties are

21  properly aligned and/or the fraudulent joinder of Dependable as

22  a defendant is disregarded, there is complete diversity of

23  citizenship between all plaintiffs and defendant INSCORP and the

24  amount in controversy exceeds $75,000.

25       (a)  Plaintiff Fairmont is a Delaware corporation with

26  its principal place of business in the State of Texas.  Thus,

27  for purposes of diversity jurisdiction, Fairmont is a citizen of

28  both Delaware and Texas.

-2-

1        (b)   Plaintiff TIG is a California corporation, with

2  its principal place of business in the State of New Hampshire.

3  Thus, for purposes of diversity jurisdiction, TIG is a citizen

4  of both California and New Hampshire.

5        (c)   Defendant INSCORP is a New York corporation with

6  its principal place of business in the State of Connecticut.

7  Thus, for purposes of diversity jurisdiction, INSCORP is a

8  citizen of both New York and Connecticut.

9        (d)   As set forth more fully below, although defendant

10 Dependable is a California corporation with its principal place

11 of business in California, it is not a proper party to this

12 action and, even if it were, it is not properly aligned as a

13 defendant in this action.  Accordingly, the California

14 citizenship of Dependable does not result in a lack of complete

15 diversity of citizenship between all plaintiffs and INSCORP, the

16 only proper defendant.

17       (e)   Under 28 U.S.C. §1441, "the citizenship of

18 defendants sued under fictitious names shall be disregarded," so

19 the citizenship of defendants "Does 1 through 10" is immaterial.

20 Consequently, there exists complete diversity of citizenship

21 between the parties.

22       (f)   The amount in controversy exceeds $75,000.  The

23 Complaint seeks declaratory relief and damages exclusive of

24 interest and costs in an unspecified amount.  Plaintiffs seek

25 contribution from INSCORP for the cost of defending and

26 indemnifying Dependable in at least 12 construction defect

27 lawsuits pending in various courts in California (Complaint,

28 ¶ 6).  A closer look at only four of those cases makes clear

-3-

1  that the amount in controversy requirement for removal exists:

2            (i)   In *Gary Kaiser v. KB Homes,* Case No. C 05-

3  00991 (Contra Costa County Superior Court)(Complaint, ¶ 6a),

4  Plaintiffs have demanded that INSCORP fund 70.344 percent of a

5  $50,000 settlement, *i.e.,* $35,172;

6            (ii)   In *Tannaz Abzarian v. Richland Development*

7  *Corp.,* Case No. C 05-00147 (Contra Costa County Superior

8  Court)(Complaint, ¶ 6b), Plaintiffs have demanded that INSCORP

9  fund 76 percent of a $48,000 settlement, *i.e.,* $36,480;

10            (iii) In *Lorna Belsky v. The Presley Companies,*

11  Case No. C 05-00837 (Contra Costa County Superior

12  Court)(Complaint, ¶ 6c), Plaintiffs have funded only $25,000 of

13  a $40,000 settlement, leaving the $15,000 balance to be funded

14  by INSCORP; and

15            (iv)   In *Charles Edwards v. Suncrest Homes,* Case

16  No. C 05-00387 (Contra Costa County Superior Court)(Complaint,

17  ¶ 6f), there is an agreed $20,000 settlement, which Plaintiffs

18  have demanded be funded entirely by INSCORP.

19        These four cases alone represent claims by Plaintiffs

20  against INSCORP totalling $106,652, and that is only the

21  indemnity portion of the cases; claims for sharing the costs of

22  defense are not included.  Accordingly, it is clear that

23  Plaintiffs' claims against INSCORP exceed the requisite

24  jurisdictional amount.

25                      Intradistrict Assignment

26        3.    Section 1441(a) of Title 28 of the United States

27  Code provides in pertinent part:  "[A]ny civil action brought in

28  a State court of which the district courts of the United States

- 4 -

1   have original jurisdiction, may be removed by the defendant . .

2   . to the district court of the United States for the district

3   and division embracing the place where such action is pending."

4   28 U.S.C. § 1446(b).   The removed action was pending in the

5   Superior Court of Contra Costa County and the underlying

6   construction defect cases are pending primarily in Contra Costa

7   and Alameda counties.  Accordingly, pursuant to Civil L.R. 3--

8   2(c), the removed civil action arises in those two counties

9   within the Northern District of California.

10                  Dependable's Citizenship Should Be

11                Disregarded in Assessing Jurisdiction.

12            4.   There are two separate grounds for disregarding

13  the citizenship of Dependable in assessing whether complete

14  diversity of citizenship exists, both of which are apparent from

15  the face of the Complaint:

16            (a)   The joinder of Dependable as a defendant in

17  this action is manifestly fraudulent in that the Complaint does

18  not seek any relief against Dependable, and is therefore a

19  "sham."  *See, e.g., Dacosta v. Novartis AG,* 180 F. Supp. 2d

20  1178, 1181 (D. Or. 2001).  Not only does the Complaint fail to

21  state a cause of action against Dependable, it does not even

22  purport to do so.  *E.g., Plute v. Roadway Package System, Inc.,*

23  141 F. Supp. 2d 1005, 1008 (N.D.Cal. 2001).  Plaintiffs name

24  Dependable only in their First Cause of Action, which seeks a

25  declaration that a controversy exists regarding rights and

26  obligations under certain insurance policies (Complaint, ¶ 19).

27  However, the specific dispute is alleged to be "whether INSCORP

28  had and has a duty to defend and/or indemnify Dependable

-5-

1   against" the construction defect actions (id.)  On its face,
2   this is not a dispute with Dependable; it is a dispute between
3   three insurance companies.  The declaration that is being sought
4   is against INSCORP only.  Nowhere is it alleged that Dependable
5   is disputing that INSCORP has a duty to defend and/or indemnify
6   Dependable.  Of course any declaration by the Court of such a
7   duty would run against INSCORP alone, and in *favor* of
8   Dependable.

9               (b)   Even if that were not the case, it is also
10  plain on the face of the Complaint that the parties are
11  misaligned.  In determining issues of diversity, the Court "must
12  align for jurisdictional purposes those parties whose interests
13  coincide respecting the 'primary matter in dispute.'" *Prudential*
14  *Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867,
15  873 (9th Cir. 2000)(citation omitted).  According to the
16  Complaint, Dependable sought coverage under its INSCORP policy,
17  which was denied (Complaint, ¶ 7).  Plaintiffs in the removed
18  action also seek coverage for Dependable under the INSCORP
19  policy.  Whether the INSCORP policy provides coverage for
20  Dependable for the construction defect cases is the "primary
21  matter in dispute" in the removed action and it is apparent that
22  Dependable's interests are aligned with those of Plaintiffs, not
23  with INSCORP on that question.  For that reason the Court should
24  realign Dependable with Plaintiffs and, once that is done, there
25  is complete diversity of citizenship between all parties on the
26  plaintiff side and INSCORP on the defense side.

27              (c)   Because Dependable is misaligned as a
28  defendant in this action, the requirement that all defendants

- 6 -

1   join in the removal of this action to federal court is not

2   applicable and this removal is effective without Dependable's

3   consent. *E.g., Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d

4   875, 877 (1st Cir. 1983).

5           5.     INSCORP will comply with 28 U.S.C. § 1446(b) and

6   (d) by promptly serving written notice of the filing of this

7   Notice of Removal upon all parties and by filing such notice

8   with the Clerk of the Superior Court of the State of California

9   for the County of Contra Costa.

10

11                             COTKIN & COLLINS
                              A PROFESSIONAL CORPORATION

12

13                           By
                                  Robert G. Wilson

14                           Attorneys for Defendant

15   Dated: June 29, 2007           Insurance Corporation of New York

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1   GEORGE D. YARON (State Bar #96246)
    HENRY M. SU (State Bar #171853)
2   YARON & ASSOCIATES
    601 California Street, 21st Floor
3   San Francisco, California 94108
    Telephone: (415) 658-2929
4   Facsimile: (415) 658-2930

5   Attorneys for Plaintiffs
    FAIRMONT SPECIALTY INSURANCE COMPANY and
6   TIG INSURANCE COMPANY

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF CONTRA COSTA

10

11  FAIRMONT   SPECIALTY  INSURANCE)  CASE NO.:      C 0 7    0 1 1 7 0
    COMPANY, a Delaware corporation, and TIG)
12  INSURANCE   COMPANY,  a  California)
    corporation,
13
                      Plaintiffs,
14                                          )  COMPLAINT  FOR   DECLARATORY
         v.                                 )  RELIEF   AND    EQUITABLE
15                                          )  CONTRIBUTION
    INSURANCE  CORPORATION  OF  NEW)
16  YORK,   a   New   York   corporation,)
    DEPENDABLE SHEET METAL, a California)
17  corporation, and DOES 1 through 10,        PER LOCAL RULE 5 THIS
                                                CASE IS ASSIGNED TO
18                   Defendants.             )  DEPT  D6

19                                             SUMMONS ISSUED
20       COMES NOW Plaintiffs Fairmont Specialty Insurance Company and TIG Insurance

21  Company, and, by way of this Complaint against Defendants Insurance Corporation of New York,

22  Dependable Sheet Metal, and Does 1 through 10, hereby allege as follows:

23                          THE PARTIES

24       1.       Fairmont Specialty Insurance Company was formerly named Ranger Insurance

25  Company (hereinafter Fairmont will be identified as "Ranger"). At all relevant times herein, Ranger

26  is a corporation authorized to do business, and is doing business, under the laws of the State of

27  Delaware.

28

                              COMPLAINT
                                          G:\3021\Pleadings\Complaint.1.wpd

EXHIBIT 1

1      2.     TIG Insurance Company was formerly named Transamerica Insurance Company

2  (hereinafter TIG will be identified as "Transamerica"). At all relevant times herein, Transamerica

3  is a corporation authorized to do business, and is doing business, under the laws of the State of

4  California.

5      3.     At all relevant times herein, Insurance Corporation of New York ("Inscorp") was and

6  is a corporation authorized to do business, and is doing business, under the laws of the State of New

7  York.

8      4.     At all relevant times herein, Dependable Sheet Metal ("Dependable") was and is a

9  corporation authorized to do business, and is doing business, under the laws of the State of

10  California.

11      5.     The true names and capacities, whether individuals, corporations, partnerships,

12  associations or otherwise, of Does 1 through 10 are unknown to Plaintiffs, who therefore sue said

13  Defendants by such fictitious names. Plaintiffs will move to amend this Complaint to state their true

14  names and capacities when the same have been ascertained.

15                  **GENERAL ALLEGATIONS**

16      6.     This action arises from underlying construction defect lawsuits, including but not

17  limited to at least twelve (12) underlying construction defect lawsuits (the "*Dependable* actions")

18  entitled:

19         a.     *Gary Kaiser, et al. v. KB Homes, et al.*, Contra Costa County Superior Court

20  case number C05-00991.

21         b.     *Tannaz Abzarian, et al. v. Richland Development Corporation, et al.*, Contra

22  Costa County Superior Court case number C05-00147.

23         c.     *Lorna Belsky, et al. v. The Presley Companies, et al.*, Contra Costa County

24  Superior Court case number C05-00837.

25         d.     *Ron Capella, et al. v. Kaufman Broad of Northern California, et al.*, Alameda

26  County Superior Court case number RG 06259608.

27         e.     *Jeff Crawford, et al. v. Western Pacific Housing, et al.*, El Dorado County

28  Superior Court case number PC 20050255.

EXHIBIT 1

1    f.    *Charles Edwards, et al. v. Suncrest Homes, et al.*, Contra Costa County
2  Superior Court case number C05-00387.

3    g.    *Kimberly Markham, et al. v. Kaufman Broad of Northern California, et al.*,
4  Contra Costa County Superior Court case number C06-01580.

5    h.    *John Craig, et al. v. KB Homes, et al.*, Contra Costa County Superior Court
6  case number C06-02303.

7    i.    *Beck, et al. v. Presley, et al.*, Alameda County Superior Court case number
8  H 213382-3.

9    j.    *Kenneth James, et al. v. Dependable Sheet Metal, et al.*, Contra Costa County
10  Superior Court case number C04-00175.

11    k.    *O'Neill, et al. v. Presley, et al.*, Alameda County Superior Court case number
12  H 214815-5.

13    l.    *Thiara Rajendrapal, et al. v. William Lyon, et al.*, Alameda County Superior
14  Court case number HG 04167197.

15    7.    Plaintiffs are informed and believe and thereon allege that Dependable was named
16  as a Defendant or Cross-Defendant in the *Dependable* actions. Dependable, either directly or
17  through others acting on its behalf, provided notice of the *Dependable* actions and tendered
18  Dependable's defense and indemnity to Inscorp, Ranger, and Transamerica.

19    8.    Plaintiffs are informed and believe and thereon allege that Dependable was insured
20  under commercial general liability insurance policies (the "Dependable policies") issued by Inscorp,
21  Ranger, and Transamerica as follows:

22    a.    Transamerica policy, number T7-35026957, effective from August 9, 1993,
23  to August 9, 1994.

24    b.    Transamerica policy, number T7-35026957, effective from August 9, 1994,
25  to August 9, 1995.

26    c.    Transamerica policy, number T7-35026957, effective from August 9, 1995,
27  to August 9, 1996.

28

EXHIBIT 1

1          d.       Ranger policy, number GLO 673880 00, effective from August 9, 1996, to

2    August 9, 1997.

3                   e.       Inscorp policy, number CAIC 10016984, effective from August 9, 1997, to

4    December 1, 1998.

5          f.       Inscorp policy, number CAIC 10016984, effective from December 1, 1998,

6    to December 1, 1999.

7          g.       Inscorp policy, number CAIC 10016984, effective from December 1, 1999,

8    to December 1, 2000.

9          h.       Inscorp policy, number CAIC 10016984, effective from December 1, 2000

10   to December 1, 2001.

11         9.       Plaintiffs are informed and believe and thereon allege that Ranger and/or

12   Transamerica provided a defense and/or indemnification for Dependable under each of the

13   *Dependable* actions.

14         10.      Plaintiffs are informed and believe and thereon allege that Inscorp improperly

15   declined to provide a defense and/or indemnification for Dependable under each of the *Dependable*

16   actions. Inscorp's declinations were based in whole or in part upon an Inscorp-drafted manuscript

17   exclusionary endorsement that stated:

18                  A.       This insurance does not apply to the following, which is
                             added to the EXCLUSIONS:
19
                             All "bodily injury," "property damage," "personal injury" or
20                           "advertising injury" that is continuous or progressively
                             deteriorating, and that is first manifest prior to the effective
21                           date or after the expiration of this policy. This exclusion
                             applies even if such injury or damage continues or
22                           deteriorates during the term of this policy.

23                                              * * *

24                  C.       Within the meaning of this endorsement, injury or damage is
                             manifest when appreciable harm occurs that is or should be
25                           known to the insured, the person or organization harmed.
                             (Emphasis added.)
26

27

28

                                           COMPLAINT
                                              - 4 -                G:\3021\Pleadings\Complaint.1.wpd

EXHIBIT 1

1    11.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, the
2    underlying claimants alleged that defective construction and/or property damage were first
3    ~~discovered within three (3) years prior to the filing dates of the claimants' initial Complaint.~~

4    12.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, the
5    underlying claimants filed their initial Complaints more than three (3) years after the end of the last
6    Inscorp policy period on December 1, 2001.

7    13.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp,
8    citing the policy provisions alleged in paragraph 10 above, declined Dependable's tender of defense.
9    Inscorp informed Dependable that the underlying claimants alleged "that the defects first manifest
10   within three years of the filing of the Complaint.... This was after the expiration of your INSCORP
11   policy and therefore not covered" or words to that effect.

12   14.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp,
13   in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender
14   of defense and failed to consider other possible manifestation times. According to the Inscorp
15   endorsement, harm could manifest when: (1) the insured knows of appreciable harm; (2) the insured
16   should have known of appreciable harm; (3) the claimant knows of appreciable harm; or (4) the
17   claimant should have known of appreciable harm. Inscorp solely focused upon when the claimant
18   alleged that it knew of appreciable harm and ignored at least three other possible times for
19   manifestations of damage as provided for in its own endorsement, manifestations that could easily
20   be within Inscorp's policy period.

21   15.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp,
22   in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender
23   of defense also in contravention of the holding in *Garriott Crop Dusting Co. v. Superior Court*
24   (1990) 221 Cal.App.3d 783, which provides that an insurer cannot rely on a claimant's allegation
25   regarding the statute of limitations as a coverage defense.

26   16.    Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp,
27   in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender
28

COMPLAINT
- 5 -

G:\3021\Pleadings\Complaint.1.wpd

EXHIBIT 1

1  of defense in order to avoid being required to provide Dependable with independent counsel pursuant
2  to Civil Code section 2860.

3       17.  Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp,
4  was a "recalcitrant" insurer, within the meaning of *Safeco Insurance Company v. Superior Court*
5  (2006) 140 Cal.App.4th 874. Therefore, all of the damages alleged by the claimants in each of the
6  *Dependable* actions are presumed to have occurred exclusively within Inscorp's policy period(s) and
7  Inscorp's scope of coverage.

8                          **FIRST CAUSE OF ACTION**

9                    **(Declaratory Relief Against All Defendants)**

10      18.  Plaintiffs incorporate by reference paragraphs 1 through 17 as though fully set forth
11  herein.

12      19.  An actual controversy has arisen and now exists between Plaintiffs, on the one hand,
13  and Defendants, on the other hand, concerning their respective rights and obligations in the
14  *Dependable* actions, including those under the Dependable policies. Plaintiffs allege that Inscorp
15  had and has a duty to defend and/or indemnify Dependable against the *Dependable* actions under one
16  or more of the general liability insurance policies issued by Inscorp, as alleged in paragraphs 8(e) to
17  8(f) above.

18                          **SECOND CAUSE OF ACTION**

19                    **(Equitable Contribution Against Inscorp)**

20      20.  Plaintiffs incorporate by reference paragraphs 1 through 17 as though fully set forth
21  herein.

22      21.  If Plaintiffs provided a defense and/or indemnification for Dependable under any of
23  the *Dependable* actions, Plaintiffs are entitled to equitable contribution from Inscorp in an amount
24  to be proved at trial.

25                          **PRAYER FOR RELIEF**

26      WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as
27  follows:

28

COMPLAINT
- 6 -                        G:\3021\Pleadings\Complaint.1.wpd

EXHIBIT 1

1    1.    For a judgment declaring the respective rights and obligations of Plaintiffs and

2    Defendants under the Dependable policies for the claims asserted in the *Dependable* actions;

3    2.    For a judgment declaring that Inscorp had and has a duty to defend Dependable

4    against the *Dependable* actions under one or more of the general liability insurance policies issued

5    by Inscorp, as alleged in paragraphs 8(e) to 8(f) above;

6    3.    For a judgment declaring that Inscorp had and has a duty to indemnify Dependable

7    against the *Dependable* actions under one or more of the general liability insurance policies issued

8    by Inscorp, as alleged in paragraphs 8(e) to 8(f) above;

9    4.    For damages according to proof;

10    5.    For an award of Plaintiffs' costs in this action; and

11    6.    For other and further relief as the Court deems just and proper.

12

13    DATED: May 29, 2007                     YARON & ASSOCIATES

14

15                                       By:

16                                          GEORGE D. YARON, ESQ.,
                                           Attorneys for Plaintiffs
17                                          FAIRMONT SPECIALTY INSURANCE
                                           COMPANY and TIG INSURANCE COMPANY
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

G:\3021\Pleadings\Complaint.1.wpd

EXHIBIT 1

SUMMONS
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
MAY 29 2007

K. TORRES CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. MITCHELL Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
INSURANCE CORPORATION OF NEW YORK, a New York
corporation, DEPENDABLE SHEET METAL, a California
corporation, and DOES 1 through 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware
corporation, and TIG INSURANCE COMPANY, a California
corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado, es posible que conozca a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
725 COURT STREET
P.O. BOX 911
MARTINEZ, CA 94553

CASE NUMBER: C 07 01170

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GEORGE D. YARON SBN(96246) HENRY M. SU SBN(171853)   (415) 658-2929
YARON & ASSOCIATES
601 CALIFORNIA STREET, SUITE 2100
SAN FRANCISCO, CA 94108

DATE: MAY 29 2007   Clerk, by K. MITCHELL , Deputy
Fecha)   (Secretario)   (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).
**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): INSURANCE company of New York
under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465

EXHIBIT 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GEORGE D. YARON (SBN 96246)<br>HENRY M. SU (SBN 171853)<br>YARON & ASSOCIATES<br>301 CALIFORNIA STREET, 21ST FLOOR<br>SAN FRANCISCO, CA 94108<br>TELEPHONE NO.: (415) 658-2929  FAX NO.: (415) 658-2930<br>ATTORNEY FOR (Name): FAIRMONT SPECIALTY INSURANCE COMPANY and | **F I L E D**<br>MAY 29 2007<br>K. TORRE CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By K. MITCHELL Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 COURT STREET
MAILING ADDRESS: P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME:

CASE NAME: FAIRMONT SPECIALTY INSURANCE CO. and TIG
INSURANCE CO. v. INSURANCE CORPORATION OF NEW YORK

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C07 01170<br>JUDGE:<br>DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [X] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

5. This case [ ] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/29/07

GEORGE D. YARON (SBN 96246)
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

BY FAX

EXHIBIT 1