COTKIN & COLLINS
A PROFESSIONAL CORPORATION
Terry C. Leuin, SBN 105968
E-Mail: tcl@cclawfirm.cc
Robert G. Wilson SBN 58653
E-Mail: rgw@cclawfirm.cc
300 South Grand Avenue, 24th Floor
Los Angeles, CA 90071-3134
Telephone: (213) 688-9350
Facsimile: (213) 688-9351

COTKIN & COLLINS
A PROFESSIONAL CORPORATION
William D. Naeve, SBN 92270
E-Mail: wdn@cclawfirm.cc
200 West Santa Ana Blvd., Suite 800
Santa Ana, CA 92701-7536
Telephone: (714) 835-2330
Facsimile: (714) 835-2209

Attorneys for Defendant
Insurance Corporation of New York

FILED
07 JUL -5 AM 9:19
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation, and TIG INSURANCE COMPANY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INSURANCE CORPORATION OF NEW YORK, a New York corporation, DEPENDABLE SHEET METAL, a California corporation, and DOES 1 through 10,<br><br>Defendants. | No. C 07-03421 ~~JL~~ VRW<br><br>ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION; DEMAND FOR JURY TRIAL |

Defendant Insurance Corporation of New York ("INSCORP"), in response to the Complaint of plaintiffs Fairmont Specialty Insurance Company ("Fairmont") and TIG Insurance

Company ("TIG"), hereby admits, denies and alleges as follows:

THE PARTIES

1. On information and belief, INSCORP admits the allegations of paragraph 1 of the Complaint.

2. On information and belief, INSCORP admits the allegations of paragraph 2 of the Complaint.

3. On information and belief, INSCORP admits the allegations of paragraph 3 of the Complaint.

4. On information and belief, INSCORP admits the allegations of paragraph 4 of the Complaint.

5. INSCORP is without sufficient knowledge or information to form a belief with respect to the allegations of paragraph 5 of the Complaint.

GENERAL ALLEGATIONS

6. On information and belief, INSCORP admits the allegations of paragraph 6 of the Complaint.

7. On information and belief, INSCORP admits that Dependable was named as a defendant or cross-defendant in the *Dependable* actions. INSCORP is without sufficient knowledge or information to form a belief with respect to the remaining allegations of paragraph 7 of the complaint.

8. On information and belief, INSCORP admits that Dependable was insured under the referenced Transamerica and Ranger policies, and that Dependable was insured under INSCORP policy numbers CAIC 10016984-00 effective 08/09/97 to 12/01/98, CAIC 10016984-01 effective 12/01/98 to 12/01/99, CAIC 10016984-02 effective 12/01/99 to 12/01/00 and CAIC 10016984-03 effective 12/01/00 to 12/01/01.

9. On information and belief, INSCORP admits that Ranger and/or Transamerica provided a defense and/or indemnification for Dependable under some of the *Dependable* actions. Except as expressly admitted, INSCORP denies each and every allegation of paragraph 9 of the Complaint.

10. INSCORP admits that it declined a defense and/or indemnification to its insured in some, but not all, of the underlying *Dependable* actions, based in whole or in part upon an exclusion to the INSCORP policies, which exclusion is recited in part in paragraph 10 of the Complaint. Except as expressly admitted, INSCORP denies each and every allegation of paragraph 10 of the Complaint.

11. On information and belief, INSCORP admits the allegations of paragraph 11 of the Complaint.

12. On information and belief, INSCORP admits the allegations of paragraph 12 of the Complaint.

13. INSCORP denies that it declined Dependable's tender of a defense in the James and Craig *Dependable* actions referenced in the Complaint. INSCORP admits that it declined Dependable's tender of defense in the remaining *Dependable* actions referenced in the Complaint, citing the exclusion alleged in paragraph 10 of the Complaint. Except as expressly admitted, INSCORP denies each and every allegation of paragraph 13 of the Complaint.

14. INSCORP denies that it declined Dependable's tender of a defense in the James and Craig *Dependable* actions referenced in the Complaint. On information and belief, INSCORP admits that with respect to the remaining *Dependable* actions

alleged in the Complaint, INSCORP declined Dependable's tender of defense based in whole or in part upon the policy provisions as recited in part in paragraph 10 of the Complaint. Except as expressly admitted, INSCORP denies each and every allegation of paragraph 14 of the Complaint.

15. INSCORP denies each and every allegation of paragraph 15 of the Complaint and the whole thereof.

16. INSCORP denies each and every allegation of paragraph 16 of the Complaint.

17. INSCORP denies each and every allegation of paragraph 17 of the Complaint.

FIRST CAUSE OF ACTION

18. INSCORP realleges and incorporates by reference herein each paragraph above as though fully set forth herein in answer to paragraph 18 of the Complaint.

19. INSCORP admits that an actual controversy has arisen and exists between plaintiffs on the one hand, and INSCORP. However, INSCORP denies that there is a controversy between plaintiffs, on the one hand, and their insured, Dependable, on the other hand. To the contrary, INSCORP alleges that the interest of plaintiffs and Dependable are aligned in this action.

SECOND CAUSE OF ACTION

20. INSCORP realleges and incorporates by reference herein each paragraph above as though fully set forth herein in answer to paragraph 20 of the Complaint.

21. INSCORP denies the allegations of paragraph 21 of the Complaint.

For its separate and affirmative defenses, defendant INSCORP alleges:

FIRST AFFIRMATIVE DEFENSE

22. The Complaint is barred in whole or in part by the doctrine of laches, estoppel, waiver and/or unclean hands.

SECOND AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred to the extent that the equities do not preponderate in plaintiffs' favor.

THIRD AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred to the extent that plaintiffs acted as a volunteer.

FOURTH AFFIRMATIVE DEFENSE

25. Plaintiffs' claims are barred by all applicable statutes of limitation, including without limitation Cal. Code Civ. Proc., Sections 338 (a) and (b), 337, 337.1 (a) and 339.

FIFTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred to the extent that their policies do not afford coverage for the underlying lawsuits against the insured.

///

///

SIXTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred to the extent that their insured is different from INSCORP's insured.

SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims are barred to the extent that INSCORP's policies are excess to plaintiffs' policies.

EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred to the extent that they are premature.

WHEREFORE, defendant INSCORP prays for judgment against plaintiffs as follows:

(a) That plaintiffs take nothing by their Complaint;

(b) That INSCORP be awarded its costs of suit and reasonable attorneys' fees incurred herein;

(c) For such other and further relief as the Court may deem just and proper.

COTKIN & COLLINS
A PROFESSIONAL CORPORATION

By ________________________
Terry C. Leuin

Attorneys for Defendant
Insurance Corporation of New York

Dated: July 3, 2007

DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, defendant INSCORP hereby demands a trial by jury of all issues triable by jury as a matter of right.

COTKIN & COLLINS
A PROFESSIONAL CORPORATION

By ______________________
Terry C. Leuin

Dated: July 3, 2007

Attorneys for Defendant
Insurance Corporation of New York

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, PAT MEDINA, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3134.

On July 3, 2007, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION; DEMAND FOR JURY TRIAL** on interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

George D. Yaron, Esq.
Henry M. Su, Esq.
Yaron & Associates
601 California Street, 21st Floor
San Francisco, CA 94108

| | |
|---|---|
| X | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by facsimile machine compliant with Rule 2003 of Calif. Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on July 3, 2007, at Los Angeles, California.

Pat Medina