EXHIBIT "F"

```
 1  GEORGE D. YARON (State Bar #96246)
    HENRY M. SU (State Bar #171853)
 2  YARON & ASSOCIATES
    601 California Street, 21st Floor
 3  San Francisco, California 94108
    Telephone: (415) 658-2929
 4  Facsimile: (415) 658-2930

 5  Attorneys for Plaintiffs
    FAIRMONT SPECIALTY INSURANCE COMPANY and
 6  TIG INSURANCE COMPANY
```

FILED
MAY 29 2007
K. MITCHELL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation, and TIG INSURANCE COMPANY, a California corporation,

Plaintiffs,

v.

INSURANCE CORPORATION OF NEW YORK, a New York corporation, DEPENDABLE SHEET METAL, a California corporation, and DOES 1 through 10,

Defendants.

CASE NO.: C07 01170

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

BY FAX

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT __06__

SUMMONS ISSUED

COMES NOW Plaintiffs Fairmont Specialty Insurance Company and TIG Insurance Company, and, by way of this Complaint against Defendants Insurance Corporation of New York, Dependable Sheet Metal, and Does 1 through 10, hereby allege as follows:

THE PARTIES

1. Fairmont Specialty Insurance Company was formerly named Ranger Insurance Company (hereinafter Fairmont will be identified as "Ranger"). At all relevant times herein, Ranger is a corporation authorized to do business, and is doing business, under the laws of the State of Delaware.

COMPLAINT

G:\2007\Pleadings\Complaint.1.wpd

EXHIBIT __F__

2. TIG Insurance Company was formerly named Transamerica Insurance Company (hereinafter TIG will be identified as "Transamerica"). At all relevant times herein, Transamerica is a corporation authorized to do business, and is doing business, under the laws of the State of California.

3. At all relevant times herein, Insurance Corporation of New York ("Inscorp") was and is a corporation authorized to do business, and is doing business, under the laws of the State of New York.

4. At all relevant times herein, Dependable Sheet Metal ("Dependable") was and is a corporation authorized to do business, and is doing business, under the laws of the State of California.

5. The true names and capacities, whether individuals, corporations, partnerships, associations or otherwise, of Does 1 through 10 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will move to amend this Complaint to state their true names and capacities when the same have been ascertained.

## GENERAL ALLEGATIONS

6. This action arises from underlying construction defect lawsuits, including but not limited to at least twelve (12) underlying construction defect lawsuits (the "*Dependable* actions") entitled:

   a. *Gary Kaiser, et al. v. KB Homes, et al.*, Contra Costa County Superior Court case number C05-00991.

   b. *Tannaz Abzartas, et al. v. Richland Development Corporation, et al.*, Contra Costa County Superior Court case number C05-00147.

   c. *Lorna Balsky, et al. v. The Presley Companies, et al.*, Contra Costa County Superior Court case number C05-00837.

   d. *Ron Capella, et al. v. Kaufman Broad of Northern California, et al.*, Alameda County Superior Court case number RG 06259608.

   e. *Jeff Crawford, et al. v. Western Pacific Housing, et al.*, El Dorado County Superior Court case number PC 20050255.

1          f.    *Charles Edwards, et al. v. Suncrest Homes, et al.*, Contra Costa County
2  Superior Court case number C05-00387.
3          g.    *Kimberly Markham, et al. v. Kaufman Broad of Northern California, et al.*,
4  Contra Costa County Superior Court case number C06-01580.
5          h.    *John Craig, et al. v. KB Homes, et al.*, Contra Costa County Superior Court
6  case number C06-02303.
7          i.    *Beck, et al. v. Presley, et al.*, Alameda County Superior Court case number
8  H 213382-3.
9          j.    *Kenneth James, et al. v. Dependable Sheet Metal, et al.*, Contra Costa County
10 Superior Court case number C04-00175.
11         k.    *O'Neill, et al. v. Presley, et al.*, Alameda County Superior Court case number
12 H 214815-5.
13         l.    *Thiara Rajendrapal, et al. v. William Lyon, et al.*, Alameda County Superior
14 Court case number HG 04167197.

15    7.    Plaintiffs are informed and believe and thereon allege that Dependable was named
16 as a Defendant or Cross-Defendant in the *Dependable* actions. Dependable, either directly or
17 through others acting on its behalf, provided notice of the *Dependable* actions and tendered
18 Dependable's defense and indemnity to Inscorp, Ranger, and Transamerica.

19    8.    Plaintiffs are informed and believe and thereon allege that Dependable was insured
20 under commercial general liability insurance policies (the "Dependable policies") issued by Inscorp,
21 Ranger, and Transamerica as follows:

22         a.    Transamerica policy, number T7-35026957, effective from August 9, 1993,
23 to August 9, 1994.
24         b.    Transamerica policy, number T7-35026957, effective from August 9, 1994,
25 to August 9, 1995.
26         c.    Transamerica policy, number T7-35026957, effective from August 9, 1995,
27 to August 9, 1996.
28

COMPLAINT
-3-

      d.    Ranger policy, number GLO 673880 00, effective from August 9, 1996, to August 9, 1997.

      e.    Inscorp policy, number CAIC 10016984, effective from August 9, 1997, to December 1, 1998.

      f.    Inscorp policy, number CAIC 10016984, effective from December 1, 1998, to December 1, 1999.

      g.    Inscorp policy, number CAIC 10016984, effective from December 1, 1999, to December 1, 2000.

      h.    Inscorp policy, number CAIC 10016984, effective from December 1, 2000 to December 1, 2001.

9.    Plaintiffs are informed and believe and thereon allege that Ranger and/or Transamerica provided a defense and/or indemnification for Dependable under each of the *Dependable* actions.

10.    Plaintiffs are informed and believe and thereon allege that Inscorp improperly declined to provide a defense and/or indemnification for Dependable under each of the *Dependable* actions. Inscorp's declinations were based in whole or in part upon an Inscorp-drafted manuscript exclusionary endorsement that stated:

> A.    This insurance does not apply to the following, which is added to the EXCLUSIONS:
>
> All "bodily injury," "property damage," "personal injury" or "advertising injury" that is continuous or progressively deteriorating, and <u>that is first manifest prior to the effective date or after the expiration of this policy</u>. This exclusion applies even if such injury or damage continues or deteriorates during the term of this policy.
>
> * * *
>
> C.    Within the meaning of this endorsement, injury or damage is manifest when appreciable harm occurs <u>that is or should be known to the insured, the person or organization harmed</u>. (Emphasis added.)

11. Plaintiffs are informed and believe that, in each of the *Dependable* actions, the underlying claimants alleged that defective construction and/or property damage were first discovered within three (3) years prior to the filing dates of the claimants' initial Complaint.

12. Plaintiffs are informed and believe that, in each of the *Dependable* actions, the underlying claimants filed their initial Complaints more than three (3) years after the end of the last Inscorp policy period on December 1, 2001.

13. Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp, citing the policy provisions alleged in paragraph 10 above, declined Dependable's tender of defense. Inscorp informed Dependable that the underlying claimants alleged "that the defects first manifest within three years of the filing of the Complaint. . . . This was after the expiration of your INSCORP policy and therefore not covered" or words to that effect.

14. Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp, in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender of defense and failed to consider other possible manifestation times. According to the Inscorp endorsement, harm could manifest when: (1) the insured knows of appreciable harm; (2) the insured should have known of appreciable harm; (3) the claimant knows of appreciable harm; or (4) the claimant should have known of appreciable harm. Inscorp solely focused upon when the claimant alleged that it knew of appreciable harm and ignored at least three other possible times for manifestations of damage as provided for in its own endorsement, manifestations that could easily be within Inscorp's policy period.

15. Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp, in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender of defense also in contravention of the holding in *Garriott Crop Dusting Co. v. Superior Court* (1990) 221 Cal.App.3d 783, which provides that an insurer cannot rely on a claimant's allegation regarding the statute of limitations as a coverage defense.

16. Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp, in reliance upon the policy provisions alleged in paragraph 10 above, declined Dependable's tender

COMPLAINT
- 5 -

G:\202\Pleadings\Complaint.1.wpd

1  of defense in order to avoid being required to provide Dependable with independent counsel pursuant
2  to Civil Code section 2860.
3  ~~17.   Plaintiffs are informed and believe that, in each of the *Dependable* actions, Inscorp~~
4  ~~was a "recalcitrant" insurer, within the meaning of *Safeco Insurance Company v. Superior Court*~~
5  ~~(2006) 140 Cal.App.4th 874. Therefore, all of the damages alleged by the claimants in each of the~~
6  ~~*Dependable* actions are presumed to have occurred exclusively within Inscorp's policy period(s) and~~
7  ~~Inscorp's scope of coverage.~~

### FIRST CAUSE OF ACTION
### (Declaratory Relief Against All Defendants)

18.   Plaintiffs incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

19.   An actual controversy has arisen and now exists between Plaintiffs, on the one hand, and Defendants, on the other hand, concerning their respective rights and obligations in the *Dependable* actions, including those under the Dependable policies. Plaintiffs allege that Inscorp had and has a duty to defend and/or indemnify Dependable against the *Dependable* actions under one or more of the general liability insurance policies issued by Inscorp, as alleged in paragraphs 8(e) to 8(f) above.

### SECOND CAUSE OF ACTION
### (Equitable Contribution Against Inscorp)

20.   Plaintiffs incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

21.   If Plaintiffs provided a defense and/or indemnification for Dependable under any of the *Dependable* actions, Plaintiffs are entitled to equitable contribution from Inscorp in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For a judgment declaring the respective rights and obligations of Plaintiffs and Defendants under the Dependable policies for the claims asserted in the *Dependable* actions;

2.     For a judgment declaring that Inscorp had and has a duty to defend Dependable against the *Dependable* actions under one or more of the general liability insurance policies issued by Inscorp, as alleged in paragraphs 8(e) to 8(f) above;

3.     For a judgment declaring that Inscorp had and has a duty to indemnify Dependable against the *Dependable* actions under one or more of the general liability insurance policies issued by Inscorp, as alleged in paragraphs 8(e) to 8(f) above;

4.     For damages according to proof;

5.     For an award of Plaintiffs' costs in this action; and

6.     For other and further relief as the Court deems just and proper.

DATED: May 29, 2007

YARON & ASSOCIATES

By: _____
GEORGE D. YARON, ESQ.,
Attorneys for Plaintiffs
FAIRMONT SPECIALTY INSURANCE
COMPANY and TIG INSURANCE COMPANY

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
INSURANCE CORPORATION OF NEW YORK, a New York corporation, DEPENDABLE SHEET METAL, a California corporation, and DOES 1 through 10,

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

FILED 6/4/07
MAY 29 2007
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. MITCHELL, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation, and TIG INSURANCE COMPANY, a California corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
El nombre y dirección de la corte es:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
725 COURT STREET
P.O. BOX 911
MARTINEZ, CA 94553

**CASE NUMBER:** C07 01170

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:
GEORGE D. YARON BBN (96246) HENRY M. SU BBN (171853)    (415) 658-2929
YARON & ASSOCIATES
601 CALIFORNIA STREET, SUITE 2100
SAN FRANCISCO, CA 94108

DATE: MAY 29 2007    Clerk, by K. MITCHELL, Deputy
Fecha)    (Secretario)    (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Insurance Company of New York, a New York corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Leon Solutions LLC, PLLB

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
GEORGE D. YARON (SBN 96246)
HENRY M. SU (SBN 171853)
YARON & ASSOCIATES
301 CALIFORNIA STREET, 21ST FLOOR
SAN FRANCISCO, CA 94108
TELEPHONE NO.: (415) 658-2929    FAX NO.: (415) 658-2930
ATTORNEY FOR (Name): FAIRMONT SPECIALTY INSURANCE COMPANY and

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 COURT STREET
MAILING ADDRESS: P.O. BOX 911
CITY AND ZIP CODE: MARTINEZ, CA 94553
BRANCH NAME:

**FOR COURT USE ONLY**

FILED
MAY 29 2007
J. TORRES CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By K. MITCHELL, Deputy Clerk

CASE NAME: FAIRMONT SPECIALTY INSURANCE CO. and TIG INSURANCE CO. v. INSURANCE CORPORATION OF NEW YORK

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C07 01170 |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [X] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [X] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

5. This case [ ] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/29/07

GEORGE D. YARON (SBN 96246)
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19

Legal Solutions Plus

BY FAX

# EXHIBIT "G"

OLIVA & ASSOCIATES ALC
Joseph L. Oliva, Esq., State Bar No. 113889
11770 Bernardo Plaza Court, Suite 350
San Diego, California 92128
Telephone: (858) 385-0491
Facsimile: (858) 385-0499


Attorney for Defendant,
DEPENDABLE SHEET METAL


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation; and TIG INSURANCE COMPANY, a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> INSURANCE CORPORATION OF NEW YORK, a New York corporation; DEPENDABLE SHEET METAL, a California corporation; and DOES 1 through 10, <br><br> Defendants. | CASE NO.: C07-03421 JL <br><br> **DEPENDABLE SHEET METAL'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION** |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

DEPENDABLE SHEET METAL ("Dependable Sheet Metal"), a California corporation answers the Complaint filed by FAIRMONT SPECIALTY INSURANCE COMPANY ("Fairmont"), a Delaware corporation and TIG INSURANCE COMPANY ("TIG"), a California corporation as follows:

1. In response to Paragraph 1, Dependable Sheet Metal lacks sufficient information and belief to either admit or deny the allegations set forth in Paragraph 1.

///
///

**EXHIBIT** ___G___

2. In response to Paragraph 2, Dependable Sheet Metal lacks sufficient information and belief to either admit or deny the allegations set forth in Paragraph 2.

3. In response to Paragraph 3, Dependable Sheet Metal has insufficient information to either admit or deny the allegations set forth in Paragraph 3.

4. In response to Paragraph 4, Dependable Sheet Metal admits the allegations set forth in Paragraph 4.

5. In response to Paragraph 5, Dependable Sheet Metal lacks sufficient information and belief to either admit or deny the allegations set forth in Paragraph 5.

6. In response to Paragraph 6, Dependable Sheet Metal admits the allegations set forth in Paragraph 6 to the extent that the twelve underlying construction defect lawsuits are at issue between the parties. However, there may be additional disputes arising from undefined, underlying construction defect lawsuits not identified or alleged in Plaintiffs' Complaint.

7. In response to Paragraph 7, Dependable Sheet Metal admits the allegations set forth in Paragraph 7.

8. In response to Paragraph 8, Dependable Sheet Metal admits the allegations set forth in Paragraph 8.

9. In response to Paragraph 9, Dependable Sheet Metal contends the allegations set forth in Paragraph 9 are vague, ambiguous and uncertain and thus, Dependable Sheet Metal lacks sufficient information and belief to fully answer and respond to the allegations set forth in Paragraph 9. However, to the extent that Fairmont and/or TIG alleges that it provided a defense or indemnification to an underlying action entitled *Robert B. Cohen, et al. v. Presley Homes, et al.*, Contra Costa County Superior Court Case No. MSC06-02548 ("Cohen Action"), deny. To the extent that Paragraph 9 alleges that Fairmont and/or TIG provided indemnification to *Charles Edwards, et al. v. Suncrest Homes at Dallas Ranch, LP*, Contra Costa County Superior Court Case No. C05-00387 ("Edwards Action") and *Gary Kaiser, et al. v. KB Homes, et al.*, Contra Costa County Superior Court Case No.

C05-00991 ("Kaiser Action"), Dependable Sheet Metal denies any indemnification was provided to Dependable Sheet Metal by either Fairmont and/or TIG. Finally, a Counterclaim is filed against Fairmont and TIG with respect to these underlying lawsuits (*see*, Counter-Claim).

10. In response to Paragraph 10, Dependable Sheet Metal admits that Inscorp improperly declined to provide a defense and/or indemnification for Dependable Sheet Metal under each of the Dependable Actions. Dependable Sheet Metal lacks information and belief as to what the denials were based on, in whole or in part, other than what was stated in the letters of denial, issued by Inscorp. Dependable Sheet Metal denies the remaining allegations contained in Paragraph 10 including, but not limited to, the allegation stating that the subject exclusionary language was contained in any policy sold by Inscorp to Dependable Sheet Metal.

11. In response to Paragraph 11, Dependable Sheet Metal lacks sufficient information and belief that in each of the underlying/Dependable Sheet Metal actions, the underlying claimants alleged that defective construction and/or property damage was first discovered within three years prior to the filing dates of the claimants' initial Complaint.

12. In response to Paragraph 12, Dependable Sheet Metal lacks sufficient information and belief to either admit or deny the allegations set forth in Paragraph 12.

13. In response to Paragraph 13, Dependable Sheet Metal denies the allegations set forth in Paragraph 13 to the extent that the quoted language was contained in the subject Inscorp policy. Dependable admits the remaining allegations set forth in Paragraph 13.

14. In response to Paragraph 14, Dependable Sheet Metal lacks sufficient information and belief as to what Insurance Corporation of New York ("Inscorp") relied upon and, specifically, what policy provisions alleged were relied upon by Inscorp. Dependable Sheet Metal admits that Inscorp denied Dependable Sheet Metal's tender of defense on each of the underlying/Dependable Sheet Metal actions.

Dependable Sheet Metal lacks sufficient information and belief to either admit or deny what factors or what was considered in connection with other "manifestation" times that Inscorp was considering. Dependable Sheet Metal denies the remaining allegations in Paragraph 14 including, but not limited to, the allegation that the subject endorsement was contained in the subject Inscorp policy.

15. In response to Paragraph 15, Dependable Sheet Metal denies the Inscorp policy contained the subject policy provisions relied upon by Inscorp. Dependable Sheet Metal admits the remaining allegations set forth in Paragraph 15 and further, Dependable Sheet Metal contends that Inscorp, in declining coverage to Dependable Sheet Metal, violated *Chu v. Canadian Indemnity Co.*, 224 Cal.App.3d 86 (1990); *Montrose Chemical Company v. Admiral Ins. Co.*, 10 Cal.4th 645 (1995). Moreover, Inscorp never provided any written admonishment to Dependable Sheet Metal of the inclusion of the endorsement pertaining to manifestation of property damage as the purported basis of the trigger of coverage and therefore, said endorsement has no legal or operative affect.

16. In response to Paragraph 16, Dependable Sheet Metal admits the allegations set forth in Paragraph 16.

17. In response to Paragraph 17, Dependable Sheet Metal admits the allegations set forth in Paragraph 17.

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

(Failure to State a Cause of Action)

As and for a first separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint filed by Fairmont and TIG fails to state facts sufficient to constitute a cause of action against General Coatings.

///
///
///

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

As and for a second separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint is barred, in whole and in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

As and for a third separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint is barred, in whole and in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

As and for a fourth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As and for a fifth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Defend and/or Fund Settlement)

As and for a sixth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont, and TIG/Inscorp have a duty to defend and indemnify based on the events alleged in the underlying construction defect action.

## SEVENTH AFFIRMATIVE DEFENSE

(Coverage was provided for Covered Operations resulting in Damage Sustained under Each Policy at Issue)

As and for a seventh separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the Complaint against Dependable Sheet Metal is barred,

in whole and in part, by the terms, definitions, exclusions, conditions, provisions and limitations contained in the Fairmont, TIG and Inscorp policies and, specifically, those insurable risks agreed to be insured by Fairmont, TIG and Inscorp with respect to damage to tangible property occurring during the effective dates of each policy at issue.

## EIGHTH AFFIRMATIVE DEFENSE

(Reformation)

As and for a eighth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the policy issued by Inscorp does not reflect the mutual assent of the parties and any specific endorsements set forth in the policy were issued by mutual mistake, unilateral mistake or fraud as coverage was intended for property damage sustained during the effective dates of each of the Inscorp policies.

## NINTH AFFIRMATIVE DEFENSE

(Breach of Implied Covenant of Good Faith and Fair Dealing)

As and for a ninth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont, TIG and Inscorp breached the implied covenant of good faith and fair dealing, as well as breached the terms and conditions of the policy in refusing to deny coverage and performed inadequate claims handling investigation and evaluation and made an improper coverage determination.

## TENTH AFFIRMATIVE DEFENSE

(Occurrence)

As and for a tenth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that the claims made in the underlying action reflect property damage arising out of an occurrence within the meaning of the Fairmont, TIG and Inscorp policies.

## ELEVENTH AFFIRMATIVE DEFENSE

(Violation of Insurance Code and Regulations)

As and for a eleventh separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Plaintiffs' Complaint is barred by Fairmont,

TIG and Inscorp's violation of pertinent provisions of the Insurance Code, including but not limited to Insurance Code Section 790.03, et seq., and the insurance regulations promulgated by the Department of Insurance.

### TWELFTH AFFIRMATIVE DEFENSE

(Violation of Evidence Code)

As and for a twelfth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Plaintiffs' Complaint is barred by Fairmont, TIG and Inscorp's violation of pertinent provisions of the Evidence Code, including but not limited to Evidence Code Cection 950, *et seq.*; *see also*, *Solin v. O'Melveny & Myers, LLP*, 89 Cal.App.4th 451 (2001).

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Disclose)

As and for a thirteenth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont, TIG and Inscorp misrepresented to Dependable Sheet Metal pertinent facts of the insurance policy and failed to disclose properly and fully the exclusions at the time the policy was entered into between Fairmont, TIG and/or Inscorp and Dependable Sheet Metal.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Improper Investigation of Underlying Claims)

As and for a twelfth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Plaintiffs' Complaint is barred by the failure of Fairmont, TIG and Inscorp to, and at all time, implement reasonable standards for a prompt, full and complete investigation and processing of Dependable Sheet Metal's entitlement to coverage with respect to each underlying action referenced in Plaintiffs' Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Unjust Settlement Claims Practices)

As and for a twelfth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont, TIG and Inscorp have failed to deal with

Dependable Sheet Metal with the utmost good faith and that at all material times has exhibited unfair and unjust settlement of claims practices in which liability and coverage for such has become reasonable clear.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Coercion/Undue Influence/Oppression)

As and for a sixteenth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont, TIG and Inscorp have acted coercively, with undue influence and with oppression and fraud by compelling its insured to enter into litigation in order to obtain coverage benefits owed under the terms of the subject policy and, as such, Fairmont and TIG's action should be barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

As and for a seventeenth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Plaintiffs' Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including specifically, but not exclusively, California Code of Civil Procedure sections 337 *et seq.*, 338 *et seq.*, 340 *et seq.* and all other relevant statutes of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Coverage is Owed Based on Operative Terms of Policy)

As and for a eighteenth separate, distinct and affirmative defense to Plaintiffs' Complaint, Dependable Sheet Metal alleges that Fairmont and TIG's cause of action is barred based on operative terms of policy, including but not limited to, the scope of coverage afforded in the insuring clause, the definition of occurrence, bodily injury and the scope of the intentional act exclusion, with respect to each underlying action alleged in Plaintiffs' Complaint.

///
///
///

1  WHEREFORE, THIS ANSWERING DEFENDANT PRAYS FOR JUDGMENT AS
2  FOLLOWS:

    1. That Plaintiff take nothing by reason of its Complaint;

    2. For costs of suit and attorneys fees to the extent permitted by law;

    3. For such other and further relief as the Court may deem just and proper.

DATED: _____          OLIVA & ASSOCIATES, ALC

                                   By: _____
                                             Joseph L. Oliva, Esq.
                                             Attorney for Defendant,
                                             DEPENDABLE SHEET METAL