# EXHIBIT "H"

1  OLIVA & ASSOCIATES ALC
   Joseph L. Oliva, Esq., State Bar No. 113889
2  11770 Bernardo Plaza Court, Suite 350
   San Diego, California 92128
3  Telephone:  (858) 385-0491
   Facsimile:  (858) 385-0499
4

5  Attorney for Defendant/Counter-Claimant,
   DEPENDABLE SHEET METAL dba
6  DEPENDABLE HEATING AND AIR
   CONDITIONING (erroneously sued herein as
7  DEPENDABLE SHEET METAL)

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation; and 11  TIG INSURANCE COMPANY, a California corporation, | CASE NO.: C07-03421 JL |
| 12              Plaintiffs, | **DEPENDABLE SHEET METAL'S COUNTER-CLAIM FOR:** |
| 13  v. | 1. **Breach of Written Contract – Failure to Defend;** |
| 14  INSURANCE CORPORATION OF NEW YORK, a New York corporation; 15  DEPENDABLE SHEET METAL, a California corporation; and DOES 1 through 16  10, | 2. **Breach of Written Contract – Failure to Indemnify;**<br>3. **Breach of the Implied Covenant of Good Faith and Fair Dealing – Failure to Defend;** |
| 17              Defendants. | 4. **Breach of the Implied Covenant of Good Faith and Fair Dealing – Failure to Indemnify;** |
| 18  _____ | 5. **Reformation;** |
| 19  DEPENDABLE SHEET METAL dba DEPENDABLE HEARING AND AIR CONDITIONING, a California corporation, | 6. **Professional Negligence;**<br>7. **Negligent Misrepresentation;** |
| 20 | 8. **Declaratory Relief; and** |
| 21              Counter-Claimant, | 9. **Fraudulent Business Practices in Violation of Business and Profession Code § 17200** |
| 22  v. | |
| 23  FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation; TIG INSURANCE COMPANY, a California corporation; GREGORY CLAUSER, an individual; THE INSURANCE CORPORATION OF NEW YORK, a New York corporation; HDR INSURANCE MANAGERS, LLC dba HDR INSURANCE SERVICES; NOVAPRO RISK SOLUTIONS, LP; and ROES 1 through 200, inclusive, | |
| 28              Counter-Defendant. | |

EXHIBIT H

1    Counter-Claimant, DEPENDABLE SHEET METAL dba DEPENDABLE HEATING

2    AND AIR CONDITIONING, (erroneously sued herein as DEPENDABLE SHEET METAL,

3    hereinafter referred to as "DEPENDABLE" or "Counter-Claimant") hereby alleges as follows:

4                                    **PARTIES**

5    1.    Counter-Claimant, DEPENDABLE is, and at all times herein mentioned was, a

6    corporation duly organized and existing under the laws of the state of California.

7    2.    Counter-Claimant  is  informed  and  believes  that  THE  INSURANCE

8    CORPORATION OF NEW YORK (hereinafter referred to as "INSCORP" or "Counter-

9    Defendant") is a New York Corporation and at all times herein mentioned either admitted to

10   doing business as an insurer under the laws of the state of California or authorized to sell

11   insurance in the state of California through a licensed surplus lines broker.

12   3.    Counter-Claimant is informed and believes that FAIRMONT SPECIALTY

13   INSURANCE COMPANY was formerly RANGER INSURANCE COMPANY (hereinafter

14   referred to as "RANGER" or "Counter-Defendant") is a Delaware Corporation and at all times

15   herein mentioned either admitted to doing business as an insurer under the laws of the state of

16   California or authorized to sell insurance in the state of California through a licensed surplus

17   lines broker.

18   4.    Counter-Claimant is informed and believes that TIG INSURANCE COMPANY

19   was formerly named TRANSAMERICA INSURANCE COMPANY (hereinafter referred to as

20   "TRANSAMERICA" or "Counter-Defendant") is a California Corporation and at all times

21   herein mentioned either admitted to doing business as an insurer under the laws of the state of

22   California or authorized to sell insurance in the state of California through a licensed surplus

23   lines broker.

24   5.    Counter-Claimant  is  informed  and  believes  that  HDR  INSURANCE

25   MANAGERS, LLC dba HDR INSURANCE SERVICES (hereinafter referred to as "HDR" or

26   "Counter-Defendant") at all times herein mentioned is a Limited Liability Corporation duly

27   organized and existing under the laws of the state of California and held itself out to be

28   authorized to sell insurance in the state of California as a retail broker and maintains its principal

1    place of business in Sacramento, California. HDR was retained on behalf of Counter-Claimant

2    to secure liability insurance as more specifically referenced herein. HDR Insurance Managers

3    LLP is an affiliate of HDR.

4        6.    Counter-Claimant is informed and believes and hereon alleges that at all material

5    times INSCORP owned a 20% portion of HDR'S affiliated companies (HDR Insurance

6    Managers LLP and/or HDR Insurance Managers LLC).

7        7.    Counter-Claimant is informed and believes and hereon alleges that Counter-

8    Defendant GREGORY CLAUSER is an individual domiciled in California and currently

9    working in the County of Contra Costa in. At all relevant times, GREGORY CLAUSER was

10   an employee of HDR and held himself out as an authorized HDR broker.

11       8.    Counter-Claimant is informed and believes that NOVAPRO RISK SOLUTIONS

12   L.P. (hereinafter referred to as "NOVAPRO"), formerly known as Ward North America L.P.,

13   at all times herein mentioned is a limited partnership duly organized and existing under the laws

14   of the state of California and authorized to conduct claims administration, place insurance, and

15   serves as a claims handling representative for the Counter-Defendant INSCORP in the state of

16   California and maintains its principal place of business in San Diego, California, but has

17   employees working out of HDR'S office located in Sacramento, California. Based on

18   information and belief, Counter-Claimant alleges that NOVAPRO is affiliated with HDR and is

19   the alter ego of HDR and/or is responsible for the liabilities of HDR.

20       9.    Counter-Claimant is informed and believes and thereon alleges that ROES 1 –

21   100, are persons, corporations or other entities which reside or are authorized to do and are

22   doing business in the state of California as insurers. The true identities of ROES 1 – 100 are

23   currently unknown to Counter-Claimant and Counter-Claimant therefore prays for leave to

24   amend this Counter-Claim to assert the proper names of each insurer when its identity is

25   discovered. Each of ROES 1 – 100 issued one or more policies of insurance which names

26   Counter-Claimant as an insured and provides or potentially provides coverage for all or a

27   portion of the claims made against Counter-Claimant in the underlying claims for construction

28   defect damages as referred to in this Counter-Claim.

1    10.    Counter-Claimant is informed and believes and thereon alleges that ROES 101 –

2    200, are persons, corporations or other entities which reside or are authorized to do and are

3    doing business in the state of California.  The true identities of ROES 101 – 200 are currently

4    unknown to Counter-Claimant and Counter-Claimant therefore prays for leave to amend this

5    Counter-Claim to assert the proper names of each business when its identity is discovered.

6    Each of ROES 101 – 200 was the managerial agent, employee, predecessor, successor, joint

7    venturer, co-conspirator, alter-ego, and/or representative of one or more of the other Counter-

8    Defendants named herein or identified as ROES, and acted with the permission, authorization

9    and/or ratification and consent of the other Counter-Defendants.

10    11.    Counter-Claimant is informed and believes and thereon alleges that ROES 201 –

11    300, are persons, corporations or other entities which reside or are authorized to do and are

12    doing business in the state of California as wholesale, retail or intermediate agents and/or

13    brokers to sell insurance for insurers.  The true identities of ROES 201 – 300 are currently

14    unknown to Counter-Claimant and Counter-Claimant therefore prays for leave to amend this

15    Counter-Claim to assert the proper names of each business when its identity is discovered.

16    Each of ROES 201 – 300 was the managerial agent, employee, predecessor, successor, joint

17    venturer, co-conspirator, alter-ego, and/or representative of one or more of the other Counter-

18    Defendants named herein or identified as ROES, and acted with the permission, authorization

19    and/or ratification and consent of the other Counter-Defendants.

20    12.    Counter-Claimant is informed and believes, and thereon alleges that each

21    fictitiously named Counter-Defendant is in some way responsible for, participated in, or

22    contributed to the matters of which Counter-Claimant complains and has legal responsibility

23    for those matters.

24    13.    This Court has personal jurisdiction over the Counter-Defendants, and each of

25    them, as they are at all relevant times hereinafter mentioned incorporated, headquartered

26    and/or engaged in the business of selling and/or placing insurance in the state of California.

27    ///

28    ///

## THE POLICIES

14.    TRANSAMERICA and RANGER, and ROES 1–100, executed and delivered one or more policies of comprehensive general liability insurance to Counter-Claimant, including without limitation the following:

    a.    TRANSAMERICA Policy No. T7-35026957 (effective August 9, 1993 to December 1, 1994);

    b.    TRANSAMERICA Policy No. T7-35026957 (effective August 9, 1994 to December 1, 1995);

    c.    TRANSAMERICA Policy No. T7-35026957 (effective August 9, 1995 to December 1, 1996); and

    d.    RANGER Policy No. GLO 673880 00 (effective August 9, 1996 to December 1, 1997);

Collectively referred to hereinafter as the "TRANSAMERICA and RANGER Policies".

15.    True and correct copies of the common policy declarations, general provisions, premium calculations, commercial general liability declarations page, Insurance Services Office, Inc. ("ISO") commercial general liability coverage form CG 00 01 11 88 and commercial general liability coverage endorsements from the TRANSAMERICA and RANGER Policies are collectively attached hereto as **Exhibit "A"** and incorporated herein by this reference as if set forth in full.

16.    INSCORP, ROES 1 – 100 and ROES 101 – 110, executed and delivered one or more policies of comprehensive general liability insurance to Counter-Claimant, including without limitation the following:

    a.    Policy No. CAIC 10016984 00 00 (effective August 9, 1997 to December 1, 1998);

    b.    Policy No. CAIC 10016984 00 01 (effective December 1, 1998 to December 1, 1999);

    c.    Policy No. CAIC 10016984 00 02 (effective December 1, 1999 to December 1, 2000); and

1    d.    Policy No. CAIC 10016984 00 03 (effective December 1, 2000 to

2         December 1, 2001).

3  Collectively referred to hereinafter as the "INSCORP Policies."

4         17.    The Counter-Claimant retained HDR and GREGORY CLAUSER as its broker to

5  secure liability insurance.  At all material times, Counter-Claimant relied on the expertise of

6  HDR and GREGORY CLAUSER in the securing of liability coverage for the benefit of Counter-

7  Claimant.  At all material times, HDR had a duty to disclose all its interest(s) between it and

8  its affiliated companies with INSCORP prior to recommending INSCORP to Counter-

9  Claimant.  Notwithstanding that duty, HDR failed to make disclosures to Counter-Claimant that

10  INSCORP had an ownership interest in HDR and/or its affiliated companies (HDR Insurance

11  Managers LLP and/or HDR Insurance Managers LLC). Notwithstanding HDR'S being partially

12  owned by INSCORP, it recommended to Counter-Claimant to purchase the INSCORP Policies

13  through HDR and GREGORY CLAUSER and sold the INSCORP Policies directly to Counter-

14  Claimant without disclosure to Counter-Claimant of any ownership or financial interest by

15  INSCORP.   Had INSCORP and/or HDR made the required disclosures, Counter-Claimant

16  would not have purchased the INSCORP Policies recommended by HDR and GREGORY

17  CLAUSER without receiving independent advice that the Policy terms and conditions were

18  satisfactory.

19         18.    Counter-Claimant is informed and believes and thereon alleges that, at all

20  material times, INSCORP, GREGORY CLAUSER, and ROES 1 – 150 provided HDR with

21  actual and/or ostensible authority, to issue the INSCORP Policies providing commercial

22  general liability coverage to Counter-Claimant.

23         19.    On or about August of 1997, GREGORY CLAUSER and HDR issued and

24  provided to Counter-Claimant INSCORP Policy Number CAIC 10016984 00-00.  A true and

25  correct copy of INSCORP Policy Number CAIC 10016984 00-00 with effective dates of

26  August 9, 1997 to December 1, 1998, including, common policy declarations, general

27  provisions, commercial general liability declarations page, Insurance Services Office, Inc.

28  ("ISO") commercial general liability coverage form CG 00 01 11 88 and commercial general

1  liability coverage endorsements (effective August 9, 1997 to December 1, 1998) is attached

2  hereto as **Exhibit "B"** and incorporated herein by this reference as if set forth in full; Exhibit

3  "B" is hereinafter referred to as the "INSCORP Policy."

4      20.    On or about December 1, 1998, HDR advised Counter-Claimant that the

5  INSCORP Policy and coverage term were being renewed for the December 1, 1998 to

6  December 1, 1999 period. At that same time, HDR and GREGORY CLAUSER also advised

7  Counter-Claimant that it was not necessary to deliver (reissue) the entire insurance contract,

8  since the INSCORP coverage was continuous in nature as the Policy was a mere renewal.

9      21.    On or about November 11, 1999, HDR advised Counter-Claimant that the

10  INSCORP commercial coverage was being renewed for the December 1, 1999 to December 1,

11  2000 period. At that same time, HDR and GREGORY CLAUSER also advised Counter-

12  Claimant that it was not necessary to deliver (reissue) the entire insurance contract, since the

13  INSCORP policy was a mere renewal and provided the coverage found in the initial policy

14  continuously.

15      22.    On or about November 2000, HDR and GREGORY CLAUSER advised

16  Counter-Claimant that their INSCORP commercial coverage was being renewed for the

17  December 1, 2000 to December 1, 2001 period. At that same time, HDR and GREGORY

18  CLAUSER also advised Counter-Claimant that it was not necessary to deliver (reissue) the

19  entire insurance contract, since the INSCORP policy was a mere renewal of the initial

20  INSCORP policy and the coverage found in the initial policy was continuous.

21      23.    At all material times, Cross-Complaint was led to believe that the INSCORP

22  Policies numbered CAIC 10016984 00 01, CAIC 10016984 00 02, and CAIC 10016984 00 03

23  (hereinafter referred to as "Renewal Policies") provided it coverage as broad if not broader than

24  the first INSCORP Policy (Policy number CAIC 10016984 00 00) because these later

25  INSCORP Policies were to be mere renewal policies containing the identical terms and

26  conditions contained in the first INSCORP Policy. Counter-Claimant was advised by

27  GREGORY CLAUSER and HDR that copies of the INSCORP Renewal Policies were not

28  needed because there were no material changes from the first INSCORP Policy, and at all

1   material times, Counter-Claimant relied on those representations to its detriment.

2       24.    Based on the representation of HDR and GREGORY CLAUSER concerning the

3   coverage under each Renewal Policy, coverage would be provided for claims of bodily injury

4   and/or property damage resulting from construction defects arising from the completed work

5   performed by Counter-Claimant, for damages sustained during the effective dates of the

6   INSCORP Policies and that said coverage was not subject to date of manifestation since the

7   renewal policies were to contain the identical coverage provided in the initial INSCORP

8   Policy, i.e. full occurrence policy as set forth in the initial placement.   It was only after

9   Counter-Claimant tendered its defense to INSCORP after being sued in the subject underlying

10  construction defect actions, was Counter-Claimant advised by NOVAPRO, the claims agent

11  of INSCORP, that the INSCORP Policies contained an Endorsement described by INSCORP

12  as the "Continuous and Progressive Injury Limitation" form IC IL 30 (03/97) which

13  purportedly added an exclusion to the INSCORP Policies.   According to NOVAPRO, this

14  Endorsement provided as follows:

15              *CONTINUOUS AND PROGRESSIVE INJURY LIMITATION*

16          *This endorsement modifies insurance provided under the following:*

17              *All Liability Coverages in All Coverage Forms*

18  **A.**  *This insurance does not apply to the following, which is added to the
         EXCLUSIONS:*
19

20          *All "bodily injury," "property damage," "personal injury" or
         "advertising injury" that is continuous or progressively deteriorating,
21       and that is first manifest prior to the effective date or after the expiration
         of this policy.   This exclusion applies even if such injury or damage
22       continues or deteriorates during the term of this policy.*

23  **B.**  *If this policy extends for more than one annual period, then the following
         applies:*

24      **1.**  *The most we will pay for "bodily injury," "property damage,"
             "personal injury," and "advertising injury" that is continuous or
25           progressively deteriorating, and that is first manifest during one
             of the periods of this policy, is the applicable limit of insurance
26           available with respect to that one period.*

27      **2.**  *The limit specified in paragraph B.1. above is the only limit that
             applies to all related "bodily injury", "property damage",
28           "personal injury" or "advertising injury", regardless of whether*

*such injury or damage existed before, or continues or progressively deteriorates after, the period in which it is first manifest.*

**C.** *Within the meaning of this endorsement, injury or damage is manifest when appreciable harm occurs that is or should be known to the insured, the person, or organization harmed.*

Counter-Claimant was never notified of any such intended limitation at time of placement of each INSCORP Policy or any of the intended changes purportedly found in the INSCORP Renewal Policies. Moreover, with respect to each Renewal Policy, at no time did Counter-Claimant receive any separate written admonishment of any limitation/exclusion. As such, said purported limitations are unenforceable under California law. In fact, as Counter-Claimant never received any prior notice of subject limitation, the limitation was never agreed to by Counter-Claimant. Furthermore, Counter-Defendants INSCORP, HDR and CLAUSER acted secretly and in a clandestine manner if and when the INSCORP Policy was modified in the Renewal Policies. At no time was there any assent to the addition of the "Continuous and Progressive Injury Limitation" endorsement into any of the INSCORP Policies which purportedly intended to exclude any coverage to Counter-Claimant for *"property damage"* that is *"first manifest prior to the effective date or after the expiration of this policy* and which applies *even if the injury or damage continues or deteriorates during the terms of the policy.* Based on INSCORP'S failure to provide prior written notice of the subject material limitations prior to placement, based on the ambiguity of this limitation purportedly contained in the INSCORP Policies, and further based on the actual sustaining of damage in each of the underlying actions set forth below during the INSCORP Policy periods, INSCORP's denial of coverage was without reasonable basis and in bad faith.

## THE UNDERLYING ACTIONS AND TENDER OF THE DEFENSE

25.    At all relevant times, Counter-Claimant was a licensed sheet metal contractor working for various developers involved in the construction of residential homes in separate projects in Northern California and in the County of Contra Costa, State of California.

26.    The homeowners of some of these projects have filed lawsuits and/or presented claims of property damage to the respective developer entities. In each instance involving a

1  lawsuit or property damage claim, these developer entities have, in turn, filed cross-

2  complaints against and/or tendered the property damage claims to Counter-Claimant.

3      27.    The Underlying Actions are as follows:

4      a.    A lawsuit entitled *Abzarian v. Richland Development Corporation*, et al. Contra

5      Costa County Superior Court Case No. C05-00147 ("Abzarian Action");

6      b.    A lawsuit entitled *Belsky v. Presley Companies*, Contra Costa County Superior

7      Court Case No. C05-00837 ("Belsky Action");

8      c.    A lawsuit entitled *Capella, et al. v. Kaufman Broad of Northern California.*,

9      Alameda County Superior Court Case No. RG 06259608 ("Capella Action");

10     d.    A lawsuit entitled *Cohen, et al. v. Presley Homes, et al.*, Contra Costa County

11     Superior Court Case No. MSC06-02548 ("Cohen Action");

12     e.    A lawsuit entitled *Crawford v. et al. v. Western Pacific, et al.*, El Dorado County

13     Superior Court Case No. PC 20050255 ("Crawford Action");

14     f.    A lawsuit entitled *Edwards, et al. v., Suncrest Homes at Dallas Ranch LP*,

15     Contra Costa County Superior Court Case No. C05-00387 ("Edwards Action");

16     g.    A lawsuit entitled *Kaiser, et al. v. KB Homes, et al.*, Contra Costa County

17     Superior Court Case No. C05-00991 ("Kaiser Action");

18     h.    A lawsuit entitled *Markham, et al. v. Kaufman & Broad, et al.*, Contra Costa

19     County Superior Court Case No. C06-01580 ("Markham Action");

20     j.    A lawsuit entitled *Craig, et. al. v. KB Homes, et. al.*, Contra Costa Superior

21     Court case number C06-02303 ("Craig Action");

22     k.    A lawsuit entitled *Kenneth James, et. al. v. Dependable Sheet Metal et. al.*,

23     Alameda Superior Court case number H 214815-5; ("James Action");

24     l.    A lawsuit entitled *Rajendrapal, et. al. v. William Lyon, et. al.* Alameda Superior

25     Court case number HG 041678197 ("Rajendrapal Action");

26     m.    A lawsuit entitled *Beck et. al. v. Presley, et. al.* Alameda Superior Court case

27     number H 213382-3 ("Beck Action");

28 ///

1      n.    A lawsuit entitled *O'Neill v. Presley, et. al.* Alameda Superior Court case

2           number H 214815-5 ("O'Neil Action");

3  (Collectively, these lawsuits are hereinafter referred to as the "UNDERLYING

4  ACTIONS").

5      28.    In each of the UNDERLYING ACTIONS, the property damage was alleged to

6  arise from a series of defects, multiple causes, and arising from the completed work performed

7  by Counter-Claimant. For each such cause, property damage was sustained at different times,

8  at different locations, which triggered each policy set forth herein entitling Counter-Claimant

9  to both a full and complete defense and indemnification arising from any settlement, award, or

10  judgment. The allegations contained in each of the aforementioned UNDERLYING

11  ACTIONS (¶ 27, a-n) triggered each of the INSCORP, RANGER, and TRANSAMERICA

12  Policies. In addition, extrinsic evidence available in each such matter that triggered each of

13  the INSCORP, RANGER, and TRANSAMERICA Policies with respect to the duty to defend

14  and or indemnify Counter-Claimant for each of the UNDERLYING ACTIONS.

15      29.    As a result of the UNDERLYING ACTIONS, Counter-Claimant has been

16  compelled to incur loss and adjustment, defense fees and costs, settlement, mitigation, repair,

17  and investigative costs as well as attorneys' fees, expert fees and other expenses.

18      30.    Subsequent to the receipt of the complaints and cross-complaints naming

19  Counter-Claimant in the UNDERLYING ACTIONS, Counter-Claimant timely tendered each

20  of the UNDERLYING ACTIONS to Counter-Defendants INSCORP, RANGER, and

21  TRANSAMERICA and ROES 1–100. Counter-Defendants INSCORP, RANGER, and

22  TRANSAMERICA and ROES 1 – 100 were asked to provide liability coverage and asked to

23  defend, and to the extent necessary, indemnify each of the UNDERLYING ACTIONS.

24      31.    INSCORP and ROES 1 – 100 denied coverage to Counter-Claimant with respect

25  to each of the UNDERLYING ACTIONS. RANGER and TRANSAMERICA have denied

26  coverage to Counter-Claimant with respect to Cohen Action.

27      32.    In response to tenders and requests that INSCORP, RANGER, and

28  TRANSAMERICA and ROES 1 – 100 provide liability coverage in each of the

1  UNDERLYING ACTIONS in accordance with their policy terms and conditions, INSCORP

2  and ROES 1 – 100 denied coverage or did not timely respond to the tender without reasonable

3  basis. In response to tenders and requests that RANGER, TRANSAMERICA, INSCORP, and

4  ROES 1–100 provide liability coverage in each of the UNDERLYING ACTION entitled

5  *Cohen, et al. v. Presley Homes, et al.* and contrary to the policy terms and conditions,

6  RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 denied coverage or did not

7  timely respond to the tender without reasonable basis forcing Cross-Complainant to fund its

8  own defense and settlement of the Cohen Action. With respect to the Kaiser Action,

9  INSCORP without any reasonable basis denied coverage, compelling Counter-Claimant to

10  fund its own settlement after RANGER and INSCORP, who were engaged in an allocation

11  dispute, both refused to offer amounts sufficient to fund a $49,999.56 settlement of the

12  litigation. As a result of its insurers having effectively abandoned it on the verge of trial of the

13  Kaiser action, Counter-Claimant was forced to undertake an obligation to expend its own

14  monies to settle the litigation with the plaintiff homeowners. With respect to *Edwards, et al. v.*

15  *Suncrest Homes at Dallas Ranch LP*, INSCORP, without any reasonable basis, denied

16  coverage to Counter-Claimant, again compelling Counter-Claimant to fund its own settlement

17  after RANGER and INSCORP, who were engaged in an allocation dispute, both refused to

18  offer amounts sufficient to fund a $20,000 settlement of the litigation. As a result of its

19  insurers having effectively abandoned it on the verge of trial of the Edwards action, Counter-

20  Claimant was forced to undertake an obligation to expend its own monies to settle the litigation

21  with the plaintiff homeowners. Such refusals by INSCORP and RANGER were in bad faith

22  causing the Counter-Claimant direct economic harm by forcing it, as the insured, to fund

23  settlements of the Kaiser and Edwards actions. In each of the aforementioned cases, Counter-

24  Defendants, and each of them, were fully informed of the terms, bases, and circumstances of

25  each settlement, and did not raise any objection to either settlement and expressly or tacitly

26  agreed that these settlements did not breach any cooperation clause within the subject insurance

27  policies nor did the settlements constitute voluntary payments by Counter-Claimant.

28  ///

1    33.    At all material times, Counter-Claimant sought and requested a full occurrence

2 policy, rather than a modified occurrence policy.  At the time of placement, neither HDR,

3 GREGORY CLAUSER, nor INSCORP disclosed any limitation of coverage or that the

4 INSCORP Policy was something other than a full occurrence policy.  Furthermore, at no time

5 did HDR or GREGORY CLAUSER explain to Counter-Claimant that INSCORP held a

6 substantial ownership interest in HDR.  At no time did HDR or GREGORY CLAUSER

7 explain to Counter-Claimant the existence of and/or the significance of any limitation of

8 coverage based on the term "manifest" as set forth in the INSCORP Policies.  At no time did

9 HDR or GREGORY CLAUSER inform Counter-Claimant that the INSCORP Policies

10 contained an endorsement (IC IL 11 30 03 97) referred to as the "Continuous and Progressive

11 Injury Limitations," an endorsement which was not included in the first INSCORP Policy

12 (policy number CAIC 10016984 00 00).  Counter-Claimant received the first INSCORP

13 Policy, but it never received any copy of the Renewal Policies, declarations thereto, and/or

14 said endorsement.  Also, Counter-Claimant was never informed by any of the Counter-

15 Defendants of a "Continuous and Progressive Injury Limitations" endorsement purportedly

16 included in the INSCORP Policies.  If in fact such an endorsement was included in the

17 INSCORP Policies, its existence was concealed by Counter-Defendants INSCORP, HDR, and

18 GREGORY CLAUSER.  Moreover, INSCORP'S attempt to rely on the purported limitation

19 of coverage given the uncertainty of when damage incepted, sustained, or manifested, did not

20 constitute a reasonable basis for INSCORP to deny coverage.  Furthermore, the coverage

21 evaluation undertaken by INSCORP and/or its affiliates or agents HDR and NOVAPRO was

22 not based on a defect-by-defect basis, as required under California law, in order to adequately

23 protect the legal and financial interest of its insured. Further, INSCORP and/or its affiliates or

24 agents HDR and NOVAPRO improperly denied coverage without conducting an adequate

25 investigation of the underlying claims against Counter-Claimant as required by California law.

26 At all material times, INSCORP, at a minimum, had a duty to defend the interests of Counter-

27 Claimant in each of the UNDERLYING ACTIONS.

28 ///

34.     To date, Counter-Defendants, and each of them, have denied repeated requests to act in accordance with its policy terms and conditions and have never provided a defense or acknowledged their coverage obligations to Counter-Claimant with respect to the Cohen Action. RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 have denied requests that they act in accordance with their policy terms and conditions and have never provided a defense or acknowledged their coverage obligations to Counter-Claimant with respect to the underlying Cohen Action.  In Kaiser and Edwards, INSCORP improperly denied Counter-Claimant a defense, and both INSCORP and RANGER unreasonably failed to indemnify Counter-Claimant by unreasonably attempting to utilize a time on risk allocation ignoring California law which requires funding of all settlements up to policy limits if any damage occurred during the effective dates of the policy.  INSCORP, as to all of the UNDERLYING ACTIONS, wrongfully denied coverage.  With respect to the Kaiser and Edward actions, RANGER was required to indemnify Counter-Claimant and then at its discretion, pursue contribution against INSCORP.

35.     Commencing from the date of each tender of defense of each of the UNDERLYING ACTIONS, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 were required to investigate and participate in the defense of each of the UNDERLYING ACTIONS pursuant to the terms and conditions of the policies at issue.   In addition, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 had the legal obligation to meaningfully evaluate their respective coverage obligation of each UNDERLYING ACTIONS and communicate with Counter-Claimant regarding the investigation and evaluation of the tender of each UNDERLYING ACTIONS.

36.     Notwithstanding the legal obligation to communicate, investigate, and participate in the defense of each UNDERLYING ACTIONS, INSCORP and ROES 1 – 100 refused to respond to or accept said tenders of defense and failed to fund the defense of each UNDERLYING ACTIONS as agreed, as promised and as required under the terms of each policy at issue. Notwithstanding the legal obligation to communicate, investigate, and participate in the defense of each UNDERLYING ACTIONS, RANGER, TRANSAMERICA,

1  INSCORP, and ROES 1 – 100 refused to respond to or accept said tenders of defense and

2  failed to fund the defense of the underlying action entitled *Cohen, et al. v. Presley Homes, et*

3  *al.* as agreed, as promised and as required under the terms of each policy at issue.

4      37.    Furthermore, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100

5  each purposely ignored their duties to indemnify.  RANGER unreasonably refused to

6  indemnify up to the policy limits even though some damages occurred during the effective

7  dates of their respective policies. With respect to Edwards and Kaiser, each of the Counter-

8  Defendants failed to indemnify Counter-Claimant with respect to the Edwards and Kaiser

9  Actions without reasonable bases.

10      38.    At time of placement of each of the comprehensive/commercial general liability

11  insurance referred to hereinabove, RANGER, TRANSAMERICA, INSCORP, and ROES 1 –

12  100 promised to pay those sums which Counter-Claimant became obligated to pay because of

13  bodily injury and/or property damage sustained at each respective project stated in the

14  UNDERLYING ACTIONS caused by an occurrence, and further agreed to defend Counter-

15  Claimant with respect to any claims arising out of the work performed at each respective

16  project in the UNDERLYING ACTIONS on account of or potentially on account of such

17  alleged bodily injury and/or property damage, even if any of the claims were groundless, false,

18  or fraudulent.

19      39.    Homeowner claimants/plaintiffs in the UNDERLYING ACTIONS have in fact

20  made allegations and claims indicating, or evidence is otherwise available, that bodily injury

21  and/or property damage occurred or potentially occurred during the effective periods of the

22  insurance policies issued by the Counter-Defendants.

23                      **FIRST CAUSE OF ACTION**

24             **Breach of Written Contract – Failure to Defend**

25        (Against RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100)

26      40.    Counter-Claimant, repeats, re-alleges and incorporates by this reference each and

27  every allegation contained in all preceding paragraphs of this Counter-Claim as though set

28  forth at length herein.

41.     As set forth above, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 among other things agreed to investigate, adjust, defend and settle claims asserted against Counter-Claimant on account of bodily injury and/or property damage caused by an occurrence, falling within or potentially falling within the coverage of, or as defined in, each insurance policy referenced herein.  Pursuant to each of these insurance policies, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 also had a duty to conduct a reasonable, adequate and diligent investigation of any claims made against Counter-Claimant and affecting the Counter-Defendant insurers' respective duties to defend, as well as agreeing to pay for defense fees, costs and expenses for any damage claims arising out of the work of the named insureds.

42.     RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 have issued insurance policies as attributed to them hereinabove.  Said policies sold do in fact, at a minimum, potentially cover one or more of the allegations raised in each of the UNDERLYING ACTIONS and required INSCORP and ROES 1 – 100 to fully defend Counter-Claimant in the UNDERLYING ACTIONS.   In addition, said policies require RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 to defend Counter-Claimant in each of the UNDERLYING ACTIONS, including *Cohen, et al. v. Presley Homes, et al.*

43.     Counter-Claimant duly tendered the defense of each of the claims made against them in the UNDERLYING ACTIONS to Counter-Defendants, but INSCORP and ROES 1 – 150 have failed and refuse to respond to said tenders or have expressly refused to fully and adequately defend Counter-Claimant for the claims at issue in the UNDERLYING ACTIONS. In fact, INSCORP has routinely denied coverage without reasonable cause and has exercised a pattern of practice of denying coverage and in doing so, knew or should have known that such denial was incorrect. Counter-Claimant duly tendered the defense of each of the claims made against them in the underlying action entitled *Cohen, et al. v. Presley Homes, et al.* to Counter-Defendants RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100, but RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 have failed and refuse to respond to said tenders or have expressly refused to fully and adequately defend Counter-

1  Claimant for the claims at issue in the underlying action entitled *Cohen, et al. v. Presley*
2  *Homes, et al.*

3      44.    Counter-Claimant has performed all conditions, covenants and promises required
4  to be performed in accordance with the terms and conditions of each written contract of
5  insurance, except to the extent that Counter-Claimant was prevented by RANGER,
6  TRANSAMERICA, INSCORP, and ROES 1 – 100, or excused from such performance, or
7  said conditions, covenants and promises have accrued or have been waived.

8      45.    As a result of each of the UNDERLYING ACTIONS being brought against
9  Counter-Claimant, Counter-Claimant has been and will be forced to incur settlement, repair,
10  loss adjustment and investigative costs, including attorneys' fees and costs, experts' fees and
11  costs, court costs and other expenses, because of property damage and/or bodily injuries
12  caused by an occurrence falling within, or potentially falling within, the coverage of, or as
13  defined in, each of the policies referred to hereinabove.  In breach of these insurance policies,
14  INSCORP and ROES 1 – 100 through their officers and/or managerial agents, have refused
15  and continue to refuse to respond to tenders notwithstanding repeated requests to do so and
16  have refused to pay and/or reimburse Counter-Claimant for the costs of defense, repair, loss
17  adjustment, mitigation, investigation, settlement and other costs and expenses as a result of
18  each of the UNDERLYING ACTIONS.  In breach of these insurance policies, RANGER,
19  TRANSAMERICA, INSCORP, and ROES 1 – 100, through their officers and/or managerial
20  agents, have refused and continue to refuse to respond to tenders notwithstanding repeated
21  requests to do so and have refused to pay and/or reimburse Counter-Claimant for the costs of
22  defense, repair, loss adjustment, mitigation, investigation, settlement and other costs and
23  expenses as a result of the underlying action entitled *Cohen, et al. v. Presley Homes, et al.*

24      46.    Counter-Claimant is informed and believes and thereon alleges that INSCORP
25  and ROES 1 – 100 did not reasonably or diligently investigate the claims asserted in each of
26  the UNDERLYING ACTIONS against Counter-Claimant or acknowledge and refused to
27  accept Counter-Claimant's requests for coverage as to each of the respective UNDERLYING
28  ACTIONS. Counter-Claimant is informed and believes and thereon alleges that RANGER,

1   TRANSAMERICA, INSCORP, and ROES 1 – 100 did not reasonably or diligently

2   investigate the claims asserted in the underlying action entitled *Cohen, et al. v. Presley*

3   *Homes, et al.* against Counter-Claimant or acknowledge and refused to defend. Additionally,

4   Counter-Claimant is informed and believes and thereon alleges that INSCORP and ROES 1 –

5   100 failed to properly respond to Counter-Claimant's requests to INSCORP and ROES 1 – 100

6   for coverage, as well as to properly respond to other communications. Additionally, Counter-

7   Claimant is informed and believes and thereon allege that RANGER, TRANSAMERICA,

8   INSCORP, and ROES 1 – 100 failed to properly respond to Counter-Claimant's requests to

9   RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 for coverage, as well as to

10   properly respond to other communications in the underlying action entitled *Cohen, et al. v.*

11   *Presley Homes, et al.*

12      47.    The pattern and practice of RANGER, TRANSAMERICA, INSCORP, and

13   ROES 1 – 100 denial of claims and refusal to provide coverage for Counter-Claimant, and

14   refusal of RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 to timely respond

15   and agree to defend was in knowing and conscious disregard of Counter-Claimant's

16   entitlement to coverage and such conduct constitutes breaches of the terms and conditions of

17   the policies at issue and was tortuous.

18      48.    As a direct and proximate result of the breaches by RANGER,

19   TRANSAMERICA, INSCORP, and ROES 1 – 100 of their respective duties, Counter-

20   Claimant has incurred and will continue to incur substantial attorneys' fees and costs, experts'

21   fees and costs, costs and other expenses in defense, repair, loss adjustment, mitigation,

22   investigation and settlement and other costs and expenses in an amount within the

23   jurisdictional limits of this Court, according to proof. As a direct and proximate result of the

24   breaches of their respective contractual duties by RANGER, TRANSAMERICA, INSCORP,

25   and ROES 1 – 100 and in mitigation of Counter-Claimant's own damages, Counter-Claimant

26   has incurred and will continue to incur attorneys' fees and costs, experts' fees and costs and

27   other costs and expenses in bringing this action, in an amount according to proof. Counter-

28   Claimant has been damaged in an amount presently unknown, but in excess of the

1  jurisdictional minimum of this Court, to be established at the time of trial, according to proof.

## SECOND CAUSE OF ACTION

### Breach of Written Contract – Failure to Indemnify

(Against RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100)

49.    Counter-Claimant repeats, re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Counter-Claim as though set forth at length herein.

50.    As set forth above, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 among other things agreed to investigate, adjust, defend, and indemnify Counter-Claimant for claims asserted against Counter-Claimant on account of bodily injury and/or property damage caused by an occurrence, falling within or potentially falling within the coverage of, or as defined in, each insurance policy referenced herein.  Pursuant to each of these insurance policies, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 had the specific duty to conduct a reasonable, adequate and diligent investigation of any claims made against Counter-Claimant and affecting the Counter-Defendant insurers' respective duty to indemnify, as well as agreeing to pay for Counter-Claimant's defense fees, costs and expenses for claims arising out of the work of Counter-Claimant at each respective project at issue in each of the UNDERLYING ACTIONS.

51.    Counter-Claimant is informed and believes and thereon alleges that RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 issued insurance policies as attributed to them hereinabove.  Said policies sold do in fact, at a minimum, potentially cover one or more of the allegations set forth in each of the UNDERLYING ACTIONS and require INSCORP and ROES 1 – 100 to fully indemnify Counter-Claimant in each of the UNDERLYING ACTIONS, and with respect to RANGER indemnify Counter-Claimant in *Cohen, et al. v. Presley Homes, et al.*; *Kaiser v. KB Homes*; and *Edwards, et al. v. Suncrest Homes at Dallas Ranch LP.*

52.    Counter-Claimant duly tendered each of the claims made against them in each respective UNDERLYING ACTIONS to INSCORP and ROES 1 – 100, but INSCORP and

1 ROES 1 – 100 have failed and refused to respond to said tenders or have expressly refused to

2 fully and adequately defend and indemnify Counter-Claimant for the claims brought against

3 the Counter-Claimant in each of the UNDERLYING ACTIONS. Counter-Claimant duly

4 tendered each of the claims made against them in each respective UNDERLYING ACTIONS

5 to RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100, but RANGER,

6 TRANSAMERICA, INSCORP, and ROES 1 – 100 have failed and refused to respond to said

7 tenders or have expressly refused to fully and adequately defend and indemnify Counter-

8 Claimant for the claims brought against the Counter-Claimant in the Cohen, Kaiser and

9 Edwards Actions.

10     53.     Counter-Claimant has performed all conditions, covenants and promises required

11 to be performed in accordance with the terms and conditions of each written contract of

12 insurance, except to the extent that Counter-Claimant was prevented by RANGER,

13 TRANSAMERICA, INSCORP, and ROES 1 – 100, or excused from such performance, or

14 said conditions, covenants and promises have accrued or have been waived.

15     54.     As a result of each of the UNDERLYING ACTIONS being brought against

16 Counter-Claimant, Counter-Claimant has been forced to incur and will continue to incur

17 defense fees, repair costs, loss adjustment and investigative costs, property damages, other

18 damages, including bodily injury damages of homeowners, if any, as well as attorneys' fees

19 and costs, experts' fees and costs, court costs and other expenses, because of property damage

20 and/or bodily injuries caused by an occurrence falling within, or potentially falling within the

21 coverage of, or as defined in, each of the policies referred to hereinabove. In breach of these

22 insurance policies, INSCORP and ROES 1 – 100 through their officers and/or managerial

23 agents, have refused and continue to refuse to pay and/or reimburse Counter-Claimant for the

24 costs of defense, indemnity, repair, loss adjustment, mitigation, investigation, settlement and

25 other costs and expenses as a result of each of the UNDERLYING ACTIONS. In breach of

26 these insurance policies, RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100

27 through their officers and/or managerial agents, have refused and continue to refuse to pay

28 and/or reimburse Counter-Claimant for the costs of defense, indemnity, repair, loss adjustment,

1  mitigation, investigation, settlement and other costs and expenses as a result of the Cohen,

2  Edwards and Kaiser Actions.

3      55.    Counter-Claimant is informed and believes and thereon alleges that INSCORP

4  and ROES 1 – 100 did not reasonably or diligently investigate the claims asserted in each of

5  the UNDERLYING ACTIONS against Counter-Claimant or acknowledge and/or accept

6  Counter-Claimant's requests for coverage as to each respective UNDERLYING ACTIONS.

7  Additionally, Counter-Claimant is informed and believes and thereon alleges that INSCORP

8  and ROES 1 – 100 failed to properly respond to Counter-Claimant's requests to such

9  INSCORP and ROES 1 – 100 for coverage, as well as to properly respond to other

10 communications.

11     56.    Counter-Claimant is informed and believes and thereon alleges that RANGER,

12 TRANSAMERICA, INSCORP, and ROES 1 – 100 did not reasonably or diligently

13 investigate the claims asserted in the underlying Cohen Action. RANGER, INSCORP, and

14 ROES 1 – 100 did not reasonably or diligently investigate the claims in the Kaiser and

15 Edwards Action against Counter-Claimant or acknowledge and/or accept Counter-Claimant's

16 requests for indemnity as to the underlying Cohen Action, Kaiser Action, and the Edwards

17 Action. Additionally, Counter-Claimant is informed and believes and thereon alleges that

18 RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 failed to properly respond to

19 Counter-Claimant's requests to RANGER, TRANSAMERICA, INSCORP, and ROES 1 –

20 100 for coverage, as well as to properly respond to other communications.

21     57.    The failure and refusal of RANGER, TRANSAMERICA, INSCORP, and ROES

22 1 – 100 to provide appropriate coverage for Counter-Claimant, and the failure to indemnify

23 constitutes breaches of the terms and conditions of the policies at issue.

24     58.    As a direct and proximate result of the breaches by RANGER,

25 TRANSAMERICA, INSCORP, and ROES 1 – 100 of their respective duties, Counter-

26 Claimant has incurred and will continue to incur substantial attorneys' fees and costs, experts'

27 fees and costs and other costs and expenses in its defense, indemnity, repair, loss adjustment,

28 mitigation, investigation and settlement as well as other costs and expenses in an amount

1   within the jurisdictional limits of this Court, according to proof.  As a direct and proximate

2   result of the breaches of their respective contractual duties by RANGER, TRANSAMERICA,

3   INSCORP, and ROES 1 – 100 and in mitigation of Counter-Claimant's own damages,

4   Counter-Claimant has also incurred attorneys' fees and costs, experts' fees and costs and other

5   costs and expenses in bringing this action, in an amount according to proof.  Counter-Claimant

6   has been damaged in an amount presently unknown, but in excess of the jurisdictional

7   minimum of this Court, to be established at the time of trial, according to proof.

8                              **THIRD CAUSE OF ACTION**

9              **Breach of the Implied Covenant of Good Faith and Fair Dealing –**

10                                **Failure to Defend**

11            (Against RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100)

12          59.    Counter-Claimant repeats, re-alleges and incorporates by this reference each and

13   every allegation contained in all preceding paragraphs of this complaint as though set forth at

14   length herein.

15          60.    RANGER, TRANSAMERICA, INSCORP, and ROES 1 – 100 at all material

16   times had the duty to act fairly and in good faith to Counter-Claimant in carrying out their

17   responsibilities under their respective policies of insurance.

18          61.    Pursuant to the insurance policies, RANGER, TRANSAMERICA, INSCORP,

19   and ROES 1 – 100 have implicit obligations to act fairly and in good faith to Counter-

20   Claimant, to promptly and reasonably investigate claims against Counter-Claimant, and to

21   make reasonable coverage decisions.  The policies identified herein are subject to an implied

22   covenant of good faith and fair dealing such that no party will disturb the rights of the other to

23   obtain the full benefits of the contract.  RANGER, TRANSAMERICA, INSCORP, and ROES

24   1 – 100 have breached the implied covenant of good faith and fair dealing by repeatedly and

25   routinely refusing to defend all of the respective UNDERLYING ACTIONS, and/or to

26   provide necessary coverage owed under the policies when tendered, and at all material times

27   thereafter, notwithstanding repeated requests to do so.

28          62.    Counter-Claimant is informed and believes and thereon alleges that RANGER,

1  TRANSAMERICA, INSCORP, and ROES 1 – 100 breached their respective obligations to

2  act fairly and in good faith towards Counter-Claimant by committing, among other things, the

3  following acts and omissions:

4         a.     After receipt of tender thereof and repeated communications from

5  Counter-Claimant to Counter-Defendants wherein they unreasonably refused to

6  defend Counter-Claimant in the UNDERLYING ACTIONS and RANGER AND

7  TRANSAMERICA refusing to defend Counter-Claimant in the Cohen Action;

8         b.     Refusing to conduct a reasonable investigation and unreasonably

9  and knowingly withholding monetary benefits under the policy;

10         c.     Adopting unreasonable and unwarranted interpretation and

11  applications of provisions and exclusions in the Policies to the detriment of

12  Counter-Claimant's interest in the UNDERLYING ACTIONS and as to

13  RANGER AND TRANSAMERICA in the Cohen Action;

14         d.     Unreasonably, purposefully, and intentionally interpreting the

15  allegations and claims of the homeowner Counter-Claimant and inaccurately

16  solely in an attempt to avoid coverage obligations owed to Counter-Claimant;

17         e.     Causing the insureds severe financial hardship, including, but not

18  limited to, attorneys' fees and costs, by refusing to defend Counter-Claimant;

19         f.     Refusing to timely, promptly and without delay, pay for the

20  reasonable and necessary defense costs incurred by Counter-Claimant from the

21  time of tender through the present;

22         g.     Refusing to provide Counter-Claimant with any reasonable or

23  justifiable basis for the decision to deny and/or delay a full defense in the in the

24  UNDERLYING ACTIONS and as to RANGER AND TRANSAMERICA in the

25  Cohen Action;

26         h.     Embarking on a course of conduct and pattern and practice,

27  whereby, Counter-Defendants would refuse to respond fully to tenders made by

28  or on behalf of and/or to acknowledge the defense and indemnity obligations

1    owed to Counter-Claimant and/or to participate in the mounting and funding of

2    the defense of Counter-Claimant as to INSCORP in the UNDERLYING

3    ACTIONS and as to RANGER AND TRANSAMERICA in the Cohen Action;

4        i.    As part of their pattern and practice, Counter-Defendants have

5    consistently refused to defend policyholders in construction defect cases on a

6    regular basis without reasonable basis, and have wrongfully and purposefully,

7    and in conscious disregard of the insureds' rights, refused to defend when it had

8    a known obligation to do so;

9        j.    Continuing to pursue such course of conduct and pattern and

10   practice after publication of, and notwithstanding the requirements set forth

11   under California law mandating an immediate defense obligation; and

12       k.    Pursuing such a course of conduct and pattern and practice in

13   violation of the terms of the policies and California law with the knowledge,

14   understanding, consent and approval of the respective managing officers,

15   directors, agents and employees of RANGER, TRANSAMERICA, INSCORP,

16   and ROES 1 – 100.

17   63.    The respective officers, directors, and managing agents and employees of

18   RANGER, TRANSAMERICA, INSCORP, and ROES 1-100 participated in, authorized and

19   ratified the wrongful conduct of said Counter-Defendants as alleged above. As a result of the

20   bad faith conduct of INSCORP and ROES 1 – 100 in this matter, Counter-Claimant have

21   incurred substantial attorneys' fees, costs and expenses in defense, repair, loss adjustment,

22   mitigation, investigation, settlement and other costs and expenses in response to each of the

23   UNDERLYING ACTIONS and has been required to bring this Counter-Claim to enforce their

24   rights under the policies mentioned herein. As a result of the bad faith conduct of RANGER,

25   TRANSAMERICA, INSCORP, and ROES 1-100 in this matter, Counter-Claimant has incurred

26   substantial attorneys' fees, costs and expenses in defense, repair, loss adjustment, mitigation,

27   investigation, settlement and other costs and expenses in response underlying action entitled

28   *Cohen, et al. v. Presley Homes, et al.*  Counter-Claimant has been required to bring this

1   Counter-Claim to enforce their rights under the policies mentioned herein. Counter-Claimant

2   is therefore entitled to recover as damages against INSCORP and ROES 1 – 100 all the

3   aforementioned fees, costs and expenses which they have incurred as a result of each of the

4   UNDERLYING ACTIONS together with interest thereon.    Counter-Claimant is therefore

5   entitled to recover as damages against RANGER, TRANSAMERICA, INSCORP, and ROES

6   1-100 all the aforementioned fees, costs and expenses which they have incurred as a result of

7   the underlying action entitled *Cohen, et al. v. Presley Homes, et al.* together with interest

8   thereon.  Counter-Claimant has suffered damages and will continue to suffer damages within

9   the jurisdiction of this Court, according to proof.

10       64.    Counter-Defendant is further entitled to recover as damages against RANGER,

11   TRANSAMERICA, INSCORP, and ROES 1-100 all fees, expenses and costs incurred in this

12   action to enforce their rights under the respective insurance policies, plus interest thereon,

13   according to proof.

14       65.    The above described conduct of RANGER, TRANSAMERICA, INSCORP, and

15   ROES 1-100 has been and continues to be unreasonable, capricious, and arbitrary, and

16   constitutes a breach of the covenants of good faith and fair dealing contained in each and all of

17   the insurance policies referred to above in this Counter-Claim.  The above-described conduct

18   further constitutes malicious, oppressive and despicable conduct and conscious disregard of

19   Counter-Claimant's rights, and stems from improper and evil motives, including Counter-

20   Defendants' desire to reduce or avoid their obligations to Counter-Claimant, so as to justify an

21   award of punitive and exemplary damages.

22                              **FOURTH CAUSE OF ACTION**

23              **Breach of the Implied Covenant of Good Faith and Fair Dealing –**

24                                  **Failure to Indemnify**

25                (Against RANGER, TRANSAMERICA, INSCORP, and ROES 1-100)

26       66.    Counter-Claimant repeats, re-alleges and incorporates by this reference each and

27   every allegation contained in all preceding paragraphs of this complaint as though set forth at

28   length herein.

67.    RANGER, TRANSAMERICA, INSCORP, and ROES 1-100 at all material times had the duty to act fairly and in good faith to Counter-Claimant in carrying out their responsibilities under their respective policies of insurance.

68.    Pursuant to the insurance policies, RANGER, TRANSAMERICA, INSCORP, and ROES 1-100 have implicit obligations to act fairly and in good faith to Counter-Claimant, to promptly and reasonably investigate claims against Counter-Claimant, and to make reasonable coverage decisions.    The policies identified herein are subject to an implied covenant of good faith and fair dealing such that no party will disturb the rights of the other to obtain the full benefits of the contract.    INSCORP and ROES 1 – 100 breached the implied covenant of good faith and fair dealing when refusing to agree to indemnify each respective UNDERLYING ACTIONS, and/or to provide necessary coverage owed under each of the policies when tendered.    At all material times, notwithstanding requests for coverage by Counter-Claimant to RANGER, TRANSAMERICA, and ROES 1-100, breached the implied covenant of good faith and fair dealing when refusing to agree to indemnify Counter-Claimant in the Cohen, Edwards and Kaiser Actions.

69.    Counter-Claimant is informed and believes and thereon alleges that RANGER, TRANSAMERICA, INSCORP, and ROES 1-100 breached their respective obligations to act fairly and in good faith towards Counter-Claimant by committing, among other things, the following acts and omissions:

a.    Refusing to fully and/or adequately protect the interests of Counter-Claimant in each of the UNDERLYING ACTIONS after receipt of tender thereof and repeated communications from Counter-Claimant to RANGER, TRANSAMERICA, INSCORP, and ROES 1-100 thereafter, which were ignored in their entirety;

b.    Refusing to conduct a reasonable investigation and unreasonably withholding monetary payment of defense and indemnity;

c.    Unreasonably, purposefully, and intentionally refusing to fund reasonable settlements of the Kaiser and Edwards Actions because of their