1  OLIVA & ASSOCIATES ALC
   Joseph L. Oliva, Esq., State Bar No. 113889
2  11770 Bernardo Plaza Court, Suite 350
   San Diego, California 92128
3  Telephone:  (858) 385-0491
   Facsimile:  (858) 385-0499
4
5  Attorneys for Defendant,
   DEPENDABLE SHEET METAL
6
7
8              UNITED STATES DISTRICT COURT
9             NORTHERN DISTRICT OF CALIFORNIA
10 FAIRMONT SPECIALTY INSURANCE          CASE NO.:  C07-03421 VRW
   COMPANY, a Delaware corporation; and TIG
11 INSURANCE COMPANY, a California
   corporation,                          DEPENDABLE SHEET METAL NOTICE
12                                        OF MOTION/MOTION TO REMAND
                    Plaintiffs,
13                                        [28 USC 1447]
   v.
14                                        DATE:   SEPTEMBER 6, 2007
   INSURANCE CORPORATION OF NEW          TIME:   2:00 P.M.
15 YORK, a New York corporation;          CTRM:   6, 17th Floor
   DEPENDABLE SHEET METAL, a             JUDGE:  The Hon. Vaughn R. Walker
16 California corporation; and DOES 1 through
   10,
17
                    Defendants.
18
19
20
21
22
23
24
25
26
27
28

1

# **TABLE OF CONTENTS**

2

I.    STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

3

II.    SUMMARY OF RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . .6

4

    A.    The Relationship Between DEPENDABLE, RANGER,
5               TIG and INSCORP.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6

    B.    INSCORP, RANGER and TIG'S Refusal to Protect the
7               Interests of Their Insured. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8

    C.    The Current Coverage Action and INSCORP'S Attempt
9               To Remove to Federal Court. . . . . . . . . . . . . . . . . . . . . . . . . . .11

10

III.    SUMMARY OF LAW REGARDING REMOVAL AND REMAND . . . . . . . . . . . .12

11

    A.    Removal Is Permitted Only Where All Defendants Seek
12              Removal.  ("Rule of Unanimity"). . . . . . . . . . . . . . . . . . . . . . . . . .13

13

    B.    No Local Defendants Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

14

    C.    DEPENDABLE Is Not a "Sham" or "Fraudulent" Defendant
         As Its Interests Are Contrary to Those of RANGER, TIG
15              and INSCORP. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

16

         1.    INSCORP has Failed to Meet its Burden of Proof. . . . . . . . . . . . 16

17

         2.    California's Continuing Loss Doctrine Makes
18                   DEPENDABLE a Necessary and Indispensable Party. . . . . . . . . . . . 17

19

         3.    DEPENDABLE Has Not Been "Misaligned" as a
20                   Defendant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

21

IV.    DEPENDABLE'S COUNTERCLAIM ADDS NONDIVERSE
22     PARTIES NECESSITATING REMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

23

V.    REMAND IS APPROPRIATE BASED ON PRINCIPLES OF
24     ABSTENTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

25

VI.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

26

27

28

1

# TABLE OF AUTHORITIES

2

## Cases

3

Cartwright v. Thomas Jefferson Univ. Hosp.
4
(ED PA 2000) 99 F.Supp.2d 550. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5

Cobb v. Delta Exports, Inc.
6
(5th Cir. 1999) 186 F.3d 675. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

7

Dodson v. Spiliada Maritime Cor.
8
(5th Cir. 1992) 951 F.2d 40. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

9

Ethridge v. Harbor House Rest.,
10
861 F.2d 1389 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11

Gaus v. Miles, Inc.
12
(9th Cir. 1992) 980 F.2d 564. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13

Getty Oil Corp. v. Insurance Co. of No. America
14
(5th Cir. 1988) 841 F.2d 1254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15

Green v. Amerada Hess Corp.
16
(5th Cir. 1983) 707 F.2d 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

17

Hewitt v. City of Stanton
18
(9th Cir. 1986) 798 F.2d 1230. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19

In re Ford Motor Co./Citibank
20
(South Dakota), N.A., 264 F.3d 952 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 13

21

Jernigan v. Ashland Oil Co.
22
(5th Cir. 1993) 989 F.2d 81. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

23

Legg v. Wyeth
24
(11th Cir. 2005) 428 F.3d 1317. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

25

Lewis v. Time, Inc.
26
(ED CA 1979) 83 FRD 455 aff'd (9th Cir. 1983) 710 F.2d 549. . . . . . . . . . . . . . 16, 17

27

McCabe v. General Foods Corp.
28
(9th Cir. 1987) 811 F.2d 1336. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

2

1
2
Morris v. Princess Cruises, Inc.
(9th Cir. 2001) 236 F.3d 1061. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 20

3
4
Nishimoto v. Federman-Bachrach & Assocs.
903 F.2d 709, 712 fn.3 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5
6
Parks v. New York Times Co.
(5th Cir. 1962) 308 F.2d 474. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7
8
Parrino v. FHP, Inc.
(9th Cir. 1998) 146 F.3d 699. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

9
10
Quackenbush v. Allstate Ins. Co.
(1996) 517 US 706; 116 S. Ct. 1712. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

11
12
Republic Western Ins. Co. v. International Ins. Co.
(ND CA 1991) 765 F.Supp. 628. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

13
14
Ritchey v. Upjohn Drug Co.
(9th Cir. 1998) 129 F.3d 1313. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

15
16
Sanchez  v. Monumental Life Ins. Co.
(9th Cir.1996) 95 F.3d 856, 860. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17
18
Shamrock Oil & Gas Corp. v. Sheets,
313 U.S. 100, 61 S.Ct. 868 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

19
20
Somlyo v. J. Lu-Rob Enterprises, Inc.
(2nd Cir. 1991) 932 F.2d 1043. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

21
22
Spencer v. United Stats Dist. Ct. for Nothern Dist. of Calif.
(Altec Industries, Inc.)
(9th Cir. 2004) 393 F.3d 867 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 15

23
24
Travis v. Irby
(5th Cir. 2003) 326 F.3d 644. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

25
Wenger  v. Western Reserve Life Assur. Co. of Ohio
(M.D. Tenn. 1983) 570 F.Supp. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

26
**State Court Cases**

27
28
Aerojet-General Corp. v. Transport Indemnity Company,
17 Cal.4th 38 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9, 10, 17

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Chu v. Canadian Indemnity Co.,
224 Cal.App.3d 86 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Montrose Chemical Corp. v. Admiral Ins. Co.,
10 Cal.4th 645 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 17, 18


**Statutes**

28 USC §1441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

28 USC §1441(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14-15

28 USC §1446(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 USC §1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

28 USC §1447(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

DEPENDABLE SHEET METAL NOTICE OF MOTION/MOTION TO REMAND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 6, 2007, at 2:00 P.M., or as soon thereafter as the matter may be heard in Courtroom 6, 17th Floor, of the of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DEPENDABLE SHEET METAL (hereinafter referred to as "DEPENDABLE") will submit for hearing its Motion to Remand the above matter back to The Superior Court of the State of California, County of Contra Costa pursuant to 28 USC §1447.

Plaintiffs' Motion is made on the following grounds:

1.    Defendant INSURANCE COMPANY OF NEW YORK ("INSCORP") has failed to meet the requirements for Removal as they failed to prove by a preponderance of the evidence that this Court has proper Subject Matter Jurisdiction over Defendant DEPENDABLE.

2.    Defendant DEPENDABLE'S Counter-Claim adds additional Defendants who are residents of California and over whom this Court does not have proper Subject Matter Jurisdiction.

3.    Remand is required under the principles of abstention.

This motion shall be based upon this Notice, the pleadings and records on file herein, the supporting memorandum of points and authorities, the Declaration of Joseph L. Oliva, the Declaration of Jayne Loughry and the exhibits served herewith, as well as any oral argument presented at the time of the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF ISSUES**

Defendant DEPENDABLE SHEET METAL (hereinafter referred to as "DEPENDABLE") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Remand this matter back to the Superior Court of the State of California, County of Contra Costa. DEPENDABLE'S Motion is made on the following grounds:

1.    INSCORP'S Removal Action must be Remanded to state court as INSCORP has failed to establish by a preponderance of the evidence sufficient facts to met its burden of proof on the on the issue of complete diversity as required to support Removal.   In fact, INSCORP has produced no competent evidence whatsoever that the parties are diverse or that the TIG Complaint or DEPENDABLE claim is a sham.

        A.    INSCORP has failed to comply with the "Rule of Unanimity" as all defendants do not support removal.

        B.    INSCORP has failed to comply with the "No Local Defendants Rule" as DEPENDABLE is a citizen of the state of California.

        C.    INSCORP has failed to establish that DEPENDABLE is a "sham" or "fraudulent" defendant.

        D.    INSCORP has failed to establish that DEPENDABLE was "misaligned" as a defendant.

2.    DEPENDABLE's proposed[1] counter-claim adding non-diverse parties requires Remand.

3.    Remand is required based on the principles of abstention.

## II.

## SUMMARY OF RELEVANT FACTS

**A.    The Relationship Between DEPENDABLE, RANGER, TIG and INSCORP**

DEPENDABLE is a small sheet metal and heating and air ventilation sub-contractor organized under the laws of the state of California with its principal place of business in Dixon, California.  For the last 20 years DEPENDABLE has worked exclusively with various developers in Northern California as a licensed sheet metal subcontractor.  (*See* the Supporting Declaration of Jayne Loughry, p.2, ¶2, ll. 2-4.)

/ / /

/ / /

---

[1] DEPENDABLE has not filed its Answer or Counterclaim in order to avoid any potential argument by INSCORP that such filing would constitute a waiver of its Right of Remand

1    Over the years DEPENDABLE annually bought liability insurance policies which it
2    understood provided broad completed operations coverage to protect DEPENDABLE against
3    future claims regarding past projects.  DEPENDABLE bought insurance policies from, among
4    others, Plaintiffs herein TIG Insurance Company ("TIG"), Ranger Insurance Company (now
5    known as Fairmont Specialty Insurance Company, but herein referred to as "RANGER"), and
6    Co-Defendant Insurance Corporation of New York ("INSCORP").   Between August 9, 1993
7    through December 1, 2001, all of DEPENDABLE'S commercial liability insurance was
8    provided continuously by these three insurers.  (See the Supporting Declaration of Jayne
9    Loughry, p. 2, ¶3, ll. 11-23.)

10    Under California law, the California Supreme Court has adopted the Continuing Loss
11    Doctrine with respect to the trigger of commercial liability policies (see, Montrose Chemical
12    Company v. Admiral Ins. Co., 10 Cal.4th 645 (1995)).  Under this doctrine, all carriers on risk
13    from the date an insured (DEPENDABLE) completed its construction work at a given
14    construction project have an obligation to defend unless the policy states otherwise.  Further,
15    the Supreme Court also held in Aerojet-General Corp. v. Transport Indemnity Company, 17
16    Cal.4th 38 (1997) that any carrier on risk, under the Continuing Loss Doctrine, can be targeted
17    to fund the entire defense and indemnify the insured up to policy limits.  Such targeted carrier
18    could then file suit against all other carriers (or contributors).

19    In the proposed Counterclaim by DEPENDABLE, each carrier (TIG, RANGER and
20    INSCORP) are subject to a finding by the trier of fact that each or any one of the carriers must
21    fully defend and indemnify DEPENDABLE for the cases where no carrier defended and/or all
22    three carriers refused to indemnify the insured, causing the insured substantial economic harm.
23    In fact, DEPENDABLE is seeking reimbursement of its out-of-pocket expenses in having to
24    fund its own defense and/or settlement in several cases, including: 1) Kaiser v. KB Homes,
25    Contra Costa Superior Court Case No. 05-00991 ("Kaiser"); Cohen v. Presley Homes, Contra
26    Costa Case No. MSC06-02348 ("Cohen"); and Edwards v. Suncrest Homes at Dallas Ranch,
27    / / /
28    / / /

Contra Costa Superior Court Case No. 05-00387 ("Edwards"). (<u>See</u>, Exhibit H.) Accordingly, all three carriers are adverse to DEPENDABLE and there is no diversity between the parties.

Given California's ten-year statute of limitations for residential construction defect claims, the various policies issued by these three insurers have been, and continue to be DEPENDABLE'S sole protection against past, present, and future construction defect claims for property damage sustained between August 1993 through December 1, 2001. (<u>See</u> the Supporting Declaration of Jayne Loughry, p.2, ¶3, ll. 20-26.)

In the years preceding this dispute whenever DEPENDABLE became aware of a claim or potential claim, it tendered the claim to all insurers, including TIG, RANGER, and INSCORP. For several years and concerning numerous claims, these insurers routinely accepted tender and provided defense and indemnity to Dependable. (<u>See</u> the Supporting Declaration of Jayne Loughry, p.3, ¶4, ll. 1-4.) Dependable was not made aware of, nor had any knowledge of how the insurers were allocating responsibility among themselves. (<u>See</u> the Supporting Declaration of Jayne Loughry, p.3, ¶4, ll. 4-6.)

In the last several years, a number of lawsuits and claims have been made against Developers with whom DEPENDABLE has worked. In each instance, the Developers filed Counterclaims against and/or tendered the property damage claims to various subcontractors including DEPENDABLE. (<u>See</u> Exhibit H, pp. 9-10, ¶26, ll. 26-2.) In each case the property damage was alleged to arise from a series of defects, with multiple causes, each arising from the completed work performed by various subcontractors including DEPENDABLE. (<u>See</u> Exhibit H, p.11, ¶28, ll. 3-12.) Each of the underlying actions involved property damage occurring at different times, triggering different policies for different years. (<u>See</u> Exhibit H, p.11, ¶28, ll. 3-12.)

DEPENDABLE timely tendered each of the Underlying Actions to INSCORP, RANGER and TIG. (<u>See</u> Exhibit H, p.11, ¶30, ll. 16-21.) In each tender the carrier was asked to provide liability coverage and asked to defend, and to the extent necessary, indemnify DEPENDABLE in each of the Underlying Actions. (<u>See</u> Exhibit H, p.11, ¶30, ll. 16-21.)

**B.    INSCORP, RANGER and TIG'S Refusal to Protect the Interests of Their Insured.**

Within the last two years**,** INSCORP has begun routinely denying that it has any coverage obligations regarding lawsuits tendered by DEPENDABLE.   INSCORP denied coverage in over a dozen matters.   In late 2006, a representative for TIG and RANGER advised DEPENDABLE that INSCORP'S practice of denying coverage was wrong and would soon cause serious problems for DEPENDABLE.   (See the Supporting Declaration of Jayne Loughry, p.3, ¶5, ll. 7-11.)

RANGER and TIG agreed to defend most matters but refused to adequately defend and indemnify DEPENDABLE in the Cohen, Edwards and Kaiser Actions.   On several occasions, representatives of Riverstone, RANGER and TIG'S claims adjustors, directly and through assigned defense counsel, asserted that INSCORP was wrongfully refusing to participate in funding settlement of underlying claims, and that, therefore TIG and/or RANGER refused to pay what it deemed to be INSCORP'S rightful share of a settlement amount and DEPENDABLE should itself pay INSCORP'S settlement share in order to avoid trial and potential greater harm.   (See the Supporting Declaration of Jayne Loughry, p.3, ¶5, ll. 4-8; see also, p. 4, ¶8, ll. 8-18.)

DEPENDABLE claims that TIG and RANGER's position were in bad faith.   Under Aerojet-General Corp. v. Transport Indemnity Company, 17 Cal.4th 38 (1997), each carrier must indemnify up to policy limits as its legal obligations to its insured, irrespective of the amount of property damage occurring during the carrier's (INSCORP) time on risk.   In fact, DEPENDABLE argued that an insured is entitled to full and complete indemnification from each carrier, even if little damage was sustained during that carrier's time on risk under the Continuing Loss Doctrine, as applied by the Supreme Court in Aerojet.

General Counsel for DEPENDABLE consistently responded by informing RANGER and TIG that this was an allocation dispute among insurers, that the insurers had other remedies for resolving allocation disputes, that DEPENDABLE was not obligated to step into the shoes of a recalcitrant insurer, and moreover that it was arguably bad faith for one insurer

1    to attempt to make a policyholder pay the settlement share of a recalcitrant insurer.  (*See* the

2    Supporting Declaration of Jayne Loughry, p.4, ¶8, ll. 15-20.)

3        Throughout, during attempts to settle various lawsuits, the representatives of TIG and

4    RANGER consistently asserted that their insurers were at most required to fund only a

5    fraction of any settlement because of when the carriers determined the date of *completed*

6    *operations* on each project.  (See the Supporting Declaration of Jayne Loughry, p.4, ¶9, ll. 21-

7    26.)

8        For instance, in <u>Kaiser, et al. v. KB Homes, et al.</u>, ("Kaiser"), all other defendants and

9    cross-defendants had settled with plaintiffs, leaving DEPENDABLE as the only remaining

10    party.  After much negotiation, Plaintiffs reduced their settlement demand against

11    DEPENDABLE to slightly less than $50,000, an amount which defense counsel assigned by

12    Riverstone recommended as reasonable.  Despite appointed counsel's recommendation TIG,

13    Ranger, and INSCORP all refused to contribute amounts sufficient to fund settlement.  (<u>See</u>

14    the Supporting Declaration of Jayne Loughry, p.5, ¶10, ll. 9-14.)  General Counsel for

15    DEPENDABLE was therefore forced to attend several proceedings aimed at getting the

16    insurers to fund a settlement and, thereby, avoid a trial in which DEPENDABLE would be the

17    sole defendant and at risk of greater direct and indirect harm.  Regardless of the risks posed to

18    their insured, TIG and RANGER representatives refused to pay more than 14% of any

19    settlement amount, asserting that – based on their "time on risk" analysis – the remaining 86%

20    of any settlement should be paid by INSCORP, again ignoring the <u>Aerojet</u> ruling.  (<u>See</u> the

21    Supporting Declaration of Jayne Loughry, p.5, ¶10, ll. 14-19.)

22        On the day trial was set to commence in the Kaiser Action, DEPENDABLE

23    recognizing that it had only one means of saving itself from trial and the greater harm that

24    would likely be imposed reluctantly agreed to pay the full settlement amount to plaintiffs.

25    (<u>See</u> the Supporting Declaration of Jayne Loughry, p.5, ¶10, ll. 20-23.)

26        At the hearing recording the settlement, DEPENDABLE made clear that it was

27    agreeing to settle solely to avoid the imminent risk of trial which was in turn caused solely by

28    the insurers' failure to resolve their allocation dispute in a proper manner and their failure to

1  fund the settlement amount.  (See the Supporting Declaration of Jayne Loughry, p.5, ¶10, ll.

2  23-26; see also, Exhibits A & B to the Loughry Declaration.)

3      In another case, not more than two months later, DEPENDABLE was caught in the

4  middle of another allocation dispute between RANGER, TIG and INSCORP.  This lawsuit

5  was entitled, Edwards, et al. v. Suncrest Homes at Dallas Ranch LP, et al. ("Edwards") and,

6  like Kaiser all other parties had settled with plaintiffs, and trial was set to commence shortly.

7  In Edwards, plaintiffs lowered their settlement demand to $20,000, an amount deemed

8  reasonable by defense counsel as well as the expert witness retained by defense counsel.  (See

9  the Supporting Declaration of Jayne Loughry, p.6, ¶13, ll. 8-14.)   Nevertheless, TIG,

10 RANGER, and INSCORP again refused to pay amounts sufficient to settle the Edwards

11 lawsuit.   INSCORP again refused to offer any money toward settlement while TIG and

12 RANGER refused to pay more than $150.00 toward settlement.   (See the Supporting

13 Declaration of Jayne Loughry, p.6, ¶13, ll. 14-16.)  Again, TIG and RANGER asserted that,

14 according to their "time on risk analysis," INSCORP was responsible for paying the remainder

15 of any settlement amount.  (See the Supporting Declaration of Jayne Loughry, p.6, ¶13, ll. 16-

16 18.)

17     While DEPENDABLE wanted to force its carriers to defend its interests through trial

18 DEPENDABLE resigned itself to the fact that it had been effectively abandoned by its

19 insurers who, through appointed counsel, were wholly unprepared for trial.   (See the

20 Supporting Declaration of Jayne Loughry, p.7, ¶14, ll. 1-7.)  DEPENDABLE concluded that it

21 had no choice but to again attempt to settle the lawsuit itself and negotiated a settlement

22 directly with plaintiffs' counsel.  (See the Supporting Declaration of Jayne Loughry, p.7, ¶15,

23 ll. 13-18; see also, Exhibits C & D to the Declaration of Jayne Loughry.)

24     **C.    The Current Coverage Action and INSCORP'S Attempt to Remove to**

25         **Federal Court.**

26     On May 29, 2007, RANGER and TIG filed suit against INSCORP and

27 DEPENDABLE.   The Complaint seeks Declaratory Relief and Equitable Contribution.   (A

28 true and correct copy of the Fairmont Complaint is attached to the supporting Declaration of

1    Michael S. Faircloth as Exhibit F.)  DEPENDABLE is named as a Defendant to the

2    Declaratory Relief Cause of Action.  (See Exhibit F.)   On June 29, 2007, INSCORP filed a

3    Notice of Removal of Action to this Court under 28 USC §1441[2].

4         As a result of the conduct of INSCORP, RANGER and TIG, DEPENDABLE was

5    prepared to file an Answer and a Cross-Claim in the above-entitled matter before it was

6    removed to Federal Court by INSCORP.  Therefore, DEPENDABLE opposes INSCORP'S

7    Removal on the ground that this Court does not have proper Subject Matter jurisdiction, given

8    the lack of diversity.  Also, DEPENDABLE has out of an abundance of caution prepared its

9    proposed Answer and Counter-Claim, which it is prepared to file in either federal or state

10   court depending on this Court's ruling on its Motion to Remand.  (A true and correct copy of

11   DEPENDABLE'S Proposed Answer and Counter-Claim are respectively attached to the

12   Supporting Declaration of Michael S. Faircloth as Exhibits G & H.)  DEPENDABLE'S

13   Counter-Claim names INSCORP, RANGER, TIG/TRANSAMERICA, HDR Insurance

14   Services, HDR Insurance Managers, LLC; Gregory Clauser, an individual employed by HDR

15   as a broker; and Novapro Risk Solutions, L.P.

16                                        **III.**

17              **SUMMARY OF LAW REGARDING REMOVAL AND REMAND**

18        Removal jurisdiction is governed by 28 USC §1441, which states that Removal is

19   inappropriate when the district court would not have original jurisdiction over the case. The

20   Ninth Circuit has clearly stated that the removal statute is to be construed strictly against

21   removal.  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). [Emphasis

22   added.]  As a matter of law "any doubt as to removability is resolved in favor of remanding

23   the case back to state court."  Shamrock Oil & Gas Corp. v. Sheets, 13 US 100, 108-109, 61 S.

24   Ct. 868, 872 (1941)   One reason for strict construction is to prevent waste of judicial

25   resources: i.e., if it turns out there is no "federal question" or "diversity," the federal court's

26   judgment would have to be set aside on appeal.  Jurisdictional concerns can be avoided by

27

28   [2] DEPENDABLE respectfully requests that this Court take judicial notice of its file in this matter including INSCORP'S
     Notice of Removal and related documents.

remanding cases back to state courts which have general jurisdiction.  Wenger v. Western Reserve Live Assur. Co. of Ohio (MD TN 1983) 570 F. Supp. 8, 10-11; Somlyo v. J. Lu-Rob Enterprises, Inc. (2nd Cir. 1991) 932 F.2d 1043, 1045-1046 (this restrictive approach to Removal is consistent with congressional intent and comity for state government.)

The strong presumption against removal means that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing, Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 fn.3 (9th Cir. 1990); see also, In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.") Courts have a strong presumption against removal and will reject such jurisdiction "if there is any doubt as to the right to removal in the first instance." [Emphases added.] Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566. The party seeking removal must prove by a preponderance of evidence whatever is necessary to support removal: e.g. the existence of diversity, the amount in controversy or the federal nature of the claim. Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566. [Emphasis added.]

### A.    Removal Is Permitted Only Where All Defendants Seek Removal. ("Rule of Unanimity")

All defendants must join or consent to removal. See, Cartwright v. Thomas Jefferson Univ. Hosp. (ED PA 2000) 99 F.Supp.2d 550, 553; Parrino v. FHP, Inc. (9th Cir. 1998) 146 F.3d 699. The right to remove belongs to defendants "jointly". Therefore all defendants who may properly join in the removal notice must join. If any of them refuses, the action cannot be removed. Hewitt v. City of Stanton (9th Cir. 1986) 798 F.2d 1230, 1232; see also, 28 USC §1446(a). [Emphasis added.] A defendant who did not join in the removal can move to remand on all grounds. Getty Oil Corp. v. Insurance Co. of No. America (5th Cir. 1988) 841 F.2d 1254, 1262.)

As discussed more fully below, INSCORP has failed to meet the basic procedural requirements for Removal. Plaintiffs and Counter-Defendants TIG and INSCORP and Defendant/Counter-Claimant DEPENDABLE are all California residents. Thus, there is no

1    diversity and DEPENDABLE objects to the removal.  Moreover, DEPENDABLE is prepared

2    to file a Counter-Claim which adds several additional Defendants/Counter-Defendants to the

3    action, all of which are either California Residents or businesses with their principal place of

4    business in California.  INSCORP'S Motion therefore violates 28 USC §1447(c) and is

5    procedurally defective and must therefore be remanded to State Court as a matter of law.

6    **B.    No Local Defendants Rule**

7    Another procedural limitation to removal jurisdiction in diversity cases, even where

8    there is complete diversity, is the fact that removal is only allowed if "none of the parties" in

9    interest properly joined and served as defendants is a citizen of the State in which such action

10   is brought.  See, 28 USC §1441(b); Spencer v. United States Dist. Ct. for Northern Dist. of

11   Calif. (Altec Industries, Inc.) (9th Cir. 2004) 393 F.3d 867, 870; see also, Republic Western

12   Ins. Co. v. International Ins. Co. (ND CA 1991) 765 F.Supp. 628, 629.

13   DEPENDABLE has been properly joined and served and as noted above, is a

14   corporation organized and existing under the laws of the state of California.  (A true and

15   correct copy of a print-out from the California Secretary of State's website identifying

16   DEPENDABLE as a California Corporation is attached to the Supporting Declaration of

17   Michael S. Faircloth as Exhibit I.)  As such, DEPENDABLE is a local Defendant properly

18   served, and it is therefore improper for INSCORP to remove this matter to Federal Court.

19   In addition, DEPENDABLE is prepared to file a Counterclaim that names several

20   additional California residents to this matter including HDR Insurance Managers, LLC,

21   Gregory Clauser and Novapro.  (See Exhibit H.)  HDR Insurance Managers, LLC for instance

22   is a California Company with its principal places of business in California.  (A true and

23   correct copy of a print-out from the California Secretary of State's website identifying HDR

24   Insurance Managers, LLC as a California Company is attached to the Supporting Declaration

25   of Michael S. Faircloth as Exhibit J.)  Gregory Clauser is a California resident employed by

26   HDR Insurance Services in Sacramento.  (See, Exhibit H.)  Adding any of these entities or

27   individuals as a party is a separate and independent basis for remand to State Court.  See, 28

28   / / /

USC §1441(b); <u>see also</u>, <u>Spencer v. United Stated Dist. Ct. for Northern Dist. Of Calif. (Altec Industries, Inc.)</u> (9th Cir. 2004) 393 F.3d 867, 870; <u>see also</u>, <u>Republic Western Ins. Co. v. International Ins. Co.</u> (ND CA 1991) 765 F.Supp. 628, 629.

### C.    DEPENDABLE Is Not a "Sham" or "Fraudulent" Defendant As Its Interests Are Contrary to Those of RANGER, TIG and INSCORP

INSCORP claims that this Court should ignore DEPENDABLE'S status as a Defendant in this litigation and its citizenship in determining whether removal is appropriate.  INSCORP claims that the Complaint does not seek any relief against DEPENDABLE and is therefore a "sham" or a "fraud".  Alternatively, INSCORP argues that the parties are "misaligned", claiming that DEPENDABLE'S interests coincide and are aligned with those of RANGER and TIG.  INSCORP is wrong on all accounts.

A non-diverse party (plaintiff or defendant) named in the state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party.  <u>Morris v. Princess Cruises, Inc.</u> (9th Cir. 2001) 236 F.3d 1061, 1067.  Joinder is considered fraudulent if there is no real intention to get a joint judgment, and . . . there is no colorable ground for so claiming." <u>McCabe v. General Foods Corp.</u> (9th Cir. 1987) 811 F.2d 1336, 1339.) The question is whether there is any possibility that plaintiff will be able to establish liability against the party in question. <u>Ritchey v. Upjohn Drug Co.</u> (9th Cir. 1998) 129 F.3d 1313, 1318-1319.)  Under this approach, the joinder of a nondiverse defendant may be treated as "fraudulent" or a "sham" only where:

> a.    the complaint contains no cause of action whatsoever against that party; or
>
> b.    the cause of action is patently spurious; or
>
> c.    a nominal cause of action is stated, but there is no reasonable basis for imposing liability.

<u>See</u>, <u>Parks v. New York Times Co.</u> (5th Cir. 1962) 308 F.2d 474, 477; <u>see also</u>, <u>Ritchey v. Upjohn Drug Co.</u> (9th Cir. 1998) 129 F.3d 1313, 1318-1319.

/ / /

1        **1.    INSCORP has Failed to Meet its Burden of Proof.**

2        The burden is on the removing defendant to show by a preponderance of the evidence

3    that the nondiverse defendant is a "sham" or was "fraudulently" joined.  Lewis v. Time, Inc.

4    (ED CA 1979) 83 FRD 455, 460, aff'd (9th Cir. 1983) 710 F.2d 549).  [Emphasis added.]  In

5    determining fraudulent joinder, a trial judge may "pierce the pleadings" and consider

6    summary judgment-type evidence in the record.  Any ambiguities or contested issues of fact

7    must be resolved in plaintiff's favor.  [Emphasis added.]  Travis v. Irby (5th Cir. 2003) 326

8    F.3d 644, 649.)  The removing defendant has the "heavy burden" of alleging and proving the

9    nondiverse party's joinder is "sham" or "fraudulent."  Jernigan v. Ashland Oil Co. (5th Cir.

10   1993) 989 F.2d 812, 815-816.  [Emphasis added.]  The removing party must prove that there

11   is absolutely no possibility that the plaintiff will be able to establish a cause of action against

12   the in state defendant in state court, or that there has been outright fraud in the plaintiff's

13   pleadings of jurisdictional facts. Green v. Amerada Hess Corp. (5th Cir. 1983) 707 F.2d 201,

14   205. [Emphasis added.]  All factual and legal issues must be resolved in favor of a plaintiff

15   seeking remand.  Legg v. Wyeth (11th Cir. 2005) 428 F.3d 1317, 1322-1323. [Emphasis

16   added.] The Court does not look at whether plaintiff will actually or even probably prevail on

17   the merits, but only looks for a possibility that he may do so.  Dodson v. Spiliada Maritime

18   Cor. (5th Cir. 1992) 951 F.2d 40, 42-43.)

19       On page 5 of INSCORP'S Notice of Removal, INSCORP claims that the RANGER

20   and TIG complaint fails to include any cause of action against DEPENDABLE, but less than 6

21   lines later they admit that DEPENDABLE is named as a Defendant in the Declaratory Relief

22   claim.  (See also, Exhibit F.) INSCORP goes on to recognize that the RANGER and

23   TRANSAMERICA Declaratory Relief Action does reference a dispute involving coverage

24   between the carriers.  This is the same dispute that serves as the basis for DEPENDABLE'S

25   Counter-Claim against RANGER, TRANSAMERICA and INSCORP.  (See Exhibit H; see

26   also, the Declaration of Jayne Loughry and Exhibits A-E.)

27   / / /

28   / / /

Moreover, INSCORP has failed to include any "summary judgment type evidence" to support their assertions that the naming of DEPENDABLE by RANGER and TIG was a "sham" or a "fraud". <u>See</u>, <u>Lewis v. Time, Inc.</u> (ED CA 1979) 83 FRD 455, 460, <u>aff'd</u> (9th Cir. 1983) 710 F.2d 549). Without such evidence INSCORP cannot meet its burden of proof. Regardless, INSCORP is incorrect in its assertion. As discussed above, <u>an actual dispute does exist between INSCORP, RANGER, TIG and DEPENDABLE</u>. (<u>See</u> the Declaration of Jayne Loughry and Exhibits A-E.) DEPENDABLE'S Counterclaim also asserts that dispute and seeks Declaratory Relief against RANGER and TIG from that dispute. (<u>See</u> Exhibit H; <u>see also</u> the Declaration of Jayne Loughry.)

INSCORP has failed to submit any evidence that would lead this Court to determine by a preponderance of the evidence, that DEPENDABLE is a "fraud" or "sham" defendant. DEPENDABLE on the other hand, has submitted ample, summary judgment type evidence establishing the fact that a dispute does exist between it, TIG, RANGER and INSCORP.

## 2.    California's Continuing Loss Doctrine Makes DEPENDABLE a Necessary and Indispensable Party

One of the reasons that RANGER and TIG included DEPENDABLE and one of the reasons why DEPENDABLE is a necessary and indispensable party to this litigation is the affect that any coverage determination that might be made would have on the rights of the insured under California's <u>Continuing Loss Doctrine</u>. The Continuing loss doctrine is invoked in any coverage action that involves multiple losses over successive years that implicates successive policies of insurance. Under California law "where successive CGL policy periods are implicated, and bodily injury or property damage occurs that is continual or progressively deteriorating through several policy periods the loss is potentially covered by all the policies in effect during those periods." <u>See</u>, <u>Montrose Chemical Corp. of Calif. V. Admiral Ins. Co.</u>, 10 Cal.4th 645, 689 (1995). "In other words, if specified harm is caused by an included occurrence and results, at least in part, within the policy period, it perdures to all points of time at which some such harm results thereafter." <u>Aerojet-General Corp. v. Transport Indem. Co.</u>, 17 Cal.4th 38, 57 (1997). An insured may target any carrier on risk up to policy limits

even if only a small portion of the damage was sustained during the targeted carrier's time on risk.  No carrier can place the insured in harm's way by forcing the insured to fund settlement because of another carrier's refusal to defend.  At the heart of DEPENDABLE'S dispute with RANGER and TIG is the three aforementioned lawsuits where DEPENDABLE had to fund its own settlement and, in one case, fund its own defense.  Also, under <u>Chu v. Canadian Indemnity Co.</u>, 224 Cal.App.3d 86 (1990), each cause of each defect must be looked at separately as to the date of the trigger of coverage.  (<u>See</u>, Exhibit H, ¶28.)

The proposed Counterclaim goes on to allege that for each such cause, property damage was sustained at different times, at different locations, which triggered each policy entitling DEPENDABLE to both a full and complete defense and indemnification arising from any settlement, award, or judgment. (<u>See</u> Exhibit H, p.11, ¶28.)

RANGER and TIG have used INSCORP'S refusal as an excuse to limit their meaningful participation in the settlement of several cases, including Edwards and Kaiser as discussed above, and have improperly turned to DEPENDABLE demanding that it pay INSCORP'S share.  (<u>See</u> the Declaration of Jayne Loughry.)  This is the exact type of situation the Continuing Loss Doctrine was designed to avoid.  "Although a continuing injury may be recovered under several successive liability policies, <u>the insured may elect to seek indemnity under a single policy with adequate coverage limits.  This insurer can be held liable for the entire loss,</u> <i>i.e.</i> each insurer who has agreed to pay "all sums" is separate and independently liable for the entire loss.  <u>Montrose v. Admiral</u> at 678.

It is therefore imperative that RANGER, TIG, DEPENDABLE and INSCORP be a party to the present coverage action as any determination this Court might make as to the coverage obligations owed by any one insurer directly affects the coverage obligations of each other insurer on risk.  The coverage determinations by each carrier has a direct and immediate impact on DEPENDABLE'S financial condition.

Another, separate reason, RANGER and TIG have named DEPENDABLE as a Defendant to their Declaratory Relief action is for its anticipated Res Judicata effect on DEPENDABLE'S ongoing coverage claims against RANGER and TIG.  RANGER and TIG

1   are obviously hoping for a determination that shifts responsibility from them to INSCORP and

2   are thus trying to bind DEPENDABLE by that finding.  As such, DEPENDABLE has an

3   actual interest and is an indispensable party in the dispute.  Also, to avoid inconsistent

4   judgments and multiplicity of actions, the Continuing Loss Doctrine, as applied in each of the

5   underlying actions, should be determined in one action.

6           **3.    DEPENDABLE Has Not Been "Misaligned" as a Defendant.**

7           On those same grounds, DEPENDABLE has not been "misaligned."

8   DEPENDABLE'S interest are not the same as RANGER, TIG <u>or</u> INSCORP.  As discussed

9   above and in the supporting Declaration of Jayne Loughry, each of the three carriers is

10  attempting to avoid their coverage obligations to DEPENDABLE by way of this litigation.

11  RANGER and TIG are trying to shift their obligations to INSCORP while INSCORP denies

12  its responsibilities all together.  (<u>See</u> Exhibit H; <u>see also</u>, the Declaration of Jayne Loughry.)

13          Because of the actions of RANGER, TIG, INSCORP, and other related entities,

14  DEPENDABLE has been forced to prepare its own Counter-Claim that provides further

15  support for the proposition that its interests are not aligned with any of the carriers involved in

16  the present dispute.  (<u>See</u> Exhibit H; <u>see also</u> the Declaration of Jayne Loughry.)

17          Therefore, as INSCORP has failed to meet its burden of proof and cannot establish that

18  DEPENDABLE is either a "fraud" or "sham" or was otherwise "misaligned"

19  DEPENDABLE'S Motion to Remand should be granted and the entire matter sent back to the

20  Superior Court of the State of California, County of Contra Costa.

21                                      **IV.**

22          **DEPENDABLE'S COUNTERCLAIM ADDS NONDIVERSE PARTIES**

23                          **<u>NECESSITATING REMAND</u>**

24          Should this Court determine that INSCORP'S Removal is appropriate, Remand will

25  still be necessitated by DEPENDABLE'S Counterclaim which adds entities that are either

26  businesses or individuals that are residents of the state of California.  Adding these parties to

27  the present action requires that the entire action be remanded to State Court.  As a matter of

28  law, if the party sought to be joined is nondiverse, the court may permit the amendment, in

1   which event it must remand since it no longer has subject matter jurisdiction.  Cobb v. Delta

2   Exports, Inc. (5th Cir. 1999) 186 F.3d 675, 677 (joinder of nondiverse parties requires remand

3   even if newly joined defendants are not indispensable); see also, Morris v. Princess Cruises,

4   Inc. (9th Cir. 2001) 236 F.3d 106, 1068.

5       Since HDR Insurance Managers, LLC, Mr. Clauser, and Novapro are California

6   Companies or individuals residing and conducting business in California, this Court does not

7   have original subject matter jurisdiction over them.  As such, the matter must be remanded to

8   the Superior Court of California.

9                                                   V.

10  **REMAND IS APPROPRIATE BASED ON PRINCIPLES OF ABSTENTION**

11      Another separate basis to support removal is the principle of Abstention.  See,

12  Quackenbush v. Allstate Ins. Co. (1996) 517 US 706, 730-731; 116 S. Ct. 1712, 1723.

13  Remand, based on abstention, is based upon the federal court's inherent power to refrain from

14  hearing cases based on "scrupulous regard for the rightful independence of the state

15  governments and for the smooth working of the federal judiciary."  Quackenbush at 718.

16  Remand based on abstention is limited to cases in which the relief sought is equitable in nature

17  or otherwise discretionary (e.g. actions for injunctive or declaratory relief).   Quackenbush at

18  721.

19      In this case, the only relief sought as to either INSCORP or DEPENDABLE is relief

20  for Equitable Contribution and Declaratory Relief.   All the facts at issue arise from events

21  that occurred in California involving parties who are either residents of California or entities

22  that have availed themselves of the rights and responsibilities associated with doing business

23  in California.  In addition, each of the underlying actions in dispute from which the coverage

24  obligations arise, are matters arising from within California.  In short, the facts, parties and

25  law in dispute all arise from California and it therefore is only logical that the matter be

26  resolved by California Courts.

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI.

## **CONCLUSION**

For the reasons set forth herein Defendant DEPENDABLE SHEETMETAL respectfully requests that this Court grant its Motion and Remand the entire action back to the Superior Court of California, Contra Costa County.

DATED: July 26, 2007                              OLIVA & ASSOCIATES, ALC

                                                            */s/ JOSEPH L. OLIVA*
                                    By:    _____
                                                            Joseph L. Oliva, Esq.
                                                            Attorneys for Defendant,
                                                            DEPENDABLE SHEET METAL