COTKIN & COLLINS
A PROFESSIONAL CORPORATION
Robert G. Wilson SBN 58653
E-Mail: rgw@cclawfirm.cc
Terry C. Leuin, SBN 105968
E-Mail: tcl@cclawfirm.cc
300 South Grand Avenue, 24th Floor
Los Angeles, CA 90071-3134
Telephone: (213) 688-9350
Facsimile: (213) 688-9351

COTKIN & COLLINS
A PROFESSIONAL CORPORATION
William D. Naeve, SBN 92270
E-Mail: wdn@cclawfirm.cc
200 West Santa Ana Blvd., Suite 800
Santa Ana, CA 92701-7536
Telephone: (714) 835-2330
Facsimile: (714) 835-2209

Attorneys for Defendant
Insurance Corporation of New York

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation, and TIG INSURANCE COMPANY, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INSURANCE CORPORATION OF NEW YORK, a New York corporation, DEPENDABLE SHEET METAL, a California corporation, and DOES 1 through 10,<br><br>Defendants. | No. C 07-03421 VRW<br><br>INSCORP'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR REMAND<br><br>Date: September 6, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom 6 |

///

///

///

Table of Contents

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. IT IS CLEAR THAT THE COMPLAINT SEEKS NO RELIEF AGAINST DEPENDABLE, AND THAT DEPENDABLE IS A "SHAM" PARTY . . . . . . . . . . . 3

II. DEPENDABLE HAS MADE NO SHOWING WHATSOEVER THAT INSCORP'S CONTENTION REGARDING THE NEED TO REALIGN THE PARTIES IS INCORRECT . . . . . . . . . . . . . . . . . . . . . . . 6

III. IN LIGHT OF DEPENDABLE'S "SHAM" STATUS AND ITS MISALIGNMENT AS A DEFENDANT RATHER THAN A PLAINTIFF, DEPENDABLE'S CITIZENSHIP MUST BE DISREGARDED FOR PURPOSES OF THE "RULE OF UNANIMITY" AND THE "NO LOCAL DEFENDANTS RULE" . . . . . . . . . . 9

IV. DEPENDABLE'S INTENTION TO ASSERT A COUNTERCLAIM THAT INCLUDES NON-DIVERSE COUNTER-DEFENDANTS HAS NO RELEVANCE TO WHETHER DIVERSITY OF CITIZENSHIP EXISTS WITH RESPECT TO THE COMPLAINT, OR WHETHER THAT MATTER SHOULD BE REMANDED . . . . . . 11

V. DEPENDABLE HAS ASSERTED UTTERLY NO PROPER BASIS FOR THE APPLICATION OF THE DOCTRINE OF ABSTENTION . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# Table of Authorities

Cases: Page(s)

*Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701 (3d Cir. 1996) ........................ 7

*Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999) ...................... 11

*Coughlin v. Nationwide Mutual Insurance Co.*, 776 F. Supp. 626 (D. Mass. 1991) ................. 5

*Dacosta v. Novartis AG*, 180 F. Supp. 2d 1178 (D. Or. 2001) ............... 4

*Dolch v. United California Bank*, 702 F.2d 178 (9th Cir. 1983) ..................... 7, 9

*First National Bank of Chicago v. Mottola*, 302 F.2d 785 (N.D. Ill. 1969), *aff'd sub nom. First National Bank of Chicago v. Ettlinger*, 465 F.2d 343 (7th Cir. 1972) .......... 10

*HB General Corp. v. Manchester Partners, LP*, 95 F.3d 1185 (3d Cir. 1996) ...................... 12

*Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941) ............................... 6

*McCabe v. General Foods Corp.*, 811 F.2d 1136 (9th Cir. 1987) ..................... 5

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001) .................... 11

*New York State Insurance Fund v. U.S. Liability Insurance Co.*, No. 03 Civ. 6652 (LMM), 2004 U.S. Dist. LEXIS 3124 (S.D.N.Y. 2004) ....... 8, 9, 10

*Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 U.S. Dist. LEXIS 26948 (N.D. Cal. October 6, 2003) ................ 7

*Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st Cir. 1983) ..................... 9

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867 (9th Cir. 2000) ..................... 6

*Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996) ............................. 13, 14

*Serstad v. Midland-Ross Corp.*, 471 F. Supp. 298 (E.D. Wis. 1979) ................ 10

*State National Insurance Co. v. Yates*, 391 F.3d 577 (5th Cir. 2004) ..................... 12

*United States Fidelity & Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992) .................................. 7

Statutes:

28 U.S.C. § 1367(a) .................................. 12

28 U.S.C. § 1441 ...................................... 4

28 U.S.C. § 1441(b) .................................. 10

28 U.S.C. § 1447(e) .................................. 11

Other Authorities:

14 C. Wright & A. Miller, Federal Practice & Procedure § 3731, (2d ed. 1984) .................. 10

- iii -

INSCORP'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR REMAND, CASE NO. C 07-03421 VRW

315385-1.wpd

Defendant Insurance Corporation of New York ("INSCORP") respectfully submits this memorandum of points and authorities in opposition to the motion of Dependable Sheet Metal ("Dependable") for an order remanding this action to the Contra Costa County Superior Court.

## Preliminary Statement

Dependable's motion is filled with distractions and irrelevancies in an apparent effort to conceal the inescapable fact that the Complaint seeks no relief against Dependable and that Dependable is, therefore, a "sham" party whose citizenship must be disregarded for purposes of assessing the existence of diversity jurisdiction.

Even if that were not the case, Dependable does not even dispute that, with regard to the "primary matter in dispute" in the Complaint herein, i.e. whether the INSCORP policy provides coverage to Dependable for the underlying construction defect cases, the interests of Dependable and the two plaintiff insurance carriers[1/] are precisely aligned. Rather, Dependable points out that it is at odds with those Plaintiffs on several other issues. But such other disputes have no bearing on the issue of proper alignment of parties as to the removed action.

That being the case, Dependable's invocation of the "rule of unanimity" and the "no local defendants rule" is unavailing, since both of those "rules" would only be applicable

[1/] Plaintiffs Fairmont Specialty Insurance Company and TIG Insurance Company will be referred to herein as "Fairmont" and "TIG," respectively, and collectively as "Plaintiffs."

if Dependable was not a "sham" party and was also properly aligned as a defendant. Equally inapposite is Dependable's assertion of "principles of abstention" supposedly making it "only logical" that this case be heard in state, rather than federal, court. None of the "extraordinary circumstances" that would make abstention appropriate is present here.

Finally, Dependable's desire to assert a counterclaim against third parties, including some who are non-diverse, has no effect on whether the Complaint was properly removed or whether it should remain in this Court. The addition of non-diverse parties requires remand only when those parties are added to the action that was removed, i.e., in this case the declaratory relief complaint that is attached to INSCORP's Notice of Removal. The law is clear that, so long as diversity jurisdiction exists as to the original removed action, a court may assert supplemental jurisdiction over counterclaims, even if they are not compulsory and even if they name non-diverse counter-defendants, so long as the claims are sufficiently related to the original action that they form part of the same controversy.

## Argument

### I. IT IS CLEAR THAT THE COMPLAINT SEEKS NO RELIEF AGAINST DEPENDABLE, AND THAT DEPENDABLE IS A "SHAM" PARTY.

As set forth in INSCORP's Notice of Removal, from the face of Plaintiffs' Complaint it is apparent that no relief is sought by Fairmont and TIG against Dependable. Although

Dependable is named as a defendant in the First Cause of Action, the only relief sought is a declaration that INSCORP has a duty to defend and/or indemnify Dependable.

In attempting to address this issue, Dependable misstates the contents of the Notice:

> On page 5 of INSCORP's Notice of Removal, INSCORP claims that the RANGER and TIG complaint fails to include any cause of action against DEPENDABLE, but less than 6 lines later they admit that DEPENDABLE is named as a defendant in the Declaratory Relief claim.

(Dependable Sheet Metal Notice of Motion/Motion To Remand, dated July 26, 2007 ["Motion"], at 16.)

At no point does INSCORP assert that the Complaint "fails to include" a cause of action against Dependable. Rather, the Notice states that "the Complaint does not seek any relief against Dependable" and that it fails "to state a cause of action against Dependable." (Notice of Removal of Action Under 28 U.S.C. § 1441, dated June 29, 2007 ["Notice"], at 5.) Both of these statements are absolutely correct and demonstrate that Dependable is a "sham" defendant. *E.g.*, *Dacosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001).

Dependable faults INSCORP for failing to put forth "summary judgment type evidence" on this issue (Motion at 17), but the fraudulent nature of Dependable's status as a defendant is manifest on the face of Plaintiffs' Complaint and it is unnecessary to "pierce the pleadings." It is well-settled that

"[i]f the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Although Dependable is named in the declaratory relief cause of action, the declaration sought is <u>solely</u> against INSCORP. It is difficult to imagine a more obvious failure to state a cause of action than one that seeks no relief against a defendant. *E.g., Coughlin v. Nationwide Mutual Insurance Co.*, 776 F. Supp. 626, 629 (D. Mass. 1991)("The complaint only demands relief from Nationwide. It demands no relief from and states no claim against the Commissioner [of Insurance]. Therefore, the plaintiff joined the Commissioner fraudulently and the joinder of the Commissioner did not preclude removal.")(footnote omitted).

Dependable's invocation of the "continuing loss doctrine" (Motion at 19) is a distraction that does not aid its position because it does not change the fact that the relief sought by Plaintiffs runs against INSCORP only. Dependable cites no authority for the propositions (1) that the continuing loss doctrine makes Dependable an indispensable party to this action or (2) that Dependable might be subjected to a finding of *res judicata* if it were not a party. Neither is correct, but even if they were, we will now show that Dependable should be aligned as a plaintiff, not a defendant, in any event.

///

II. DEPENDABLE HAS MADE NO SHOWING WHATSOEVER THAT INSCORP'S CONTENTION REGARDING THE NEED TO REALIGN THE PARTIES IS INCORRECT.

In an effort to establish that Dependable's interests are adverse to those of Fairmont and TIG, Dependable submits a lengthy declaration purporting to identify major issues on which Dependable and Plaintiffs are adverse (Declaration of Jayne Loughry, dated July 25, 2007, ¶¶ 8-19). While perhaps interesting, this recitation is irrelevant to the issue before the Court, which is whether Dependable's interests are adverse to Plaintiffs with respect to the "primary matter in dispute" in the Complaint that was removed from state court.

As the Supreme Court has noted, with regard to diversity jurisdiction, "[l]itigation is the pursuit of practical ends, not a game of chess." *Indianapolis v. Chase National Bank*, 314 U.S. 63, 70 (1941). Thus, it is the duty of the Court "to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Id.* (citation omitted). This question "must be ascertained from the 'principal purpose of the suit,' . . . and the 'primary and controlling matter in dispute.'" *Id.* (citations omitted).

As described in INSCORP's Notice of Removal, in determining issues of diversity, the Ninth Circuit has stated that courts "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (citation

omitted).[2] Thus, "[i]f the interests of a party named as defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United California Bank*, 702 F.2d 178, 181 (9th Cir. 1983) (emphasis added) (citation omitted). Moreover, "[r]ealignment may be required even if a diversity of interest exists on other issues." *Id. Accord Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 U.S. Dist. LEXIS 26948, at *9 (N.D. Cal. October 6, 2003), *citing U.S. Fidelity, supra*, 955 F.2d at 1089.

Despite Dependable's contention, it simply does not matter that it may have multiple disagreements with Fairmont and TIG, even if those disagreements are related to the dispute between Fairmont and TIG, on the one hand, and INSCORP on the other, that forms the basis of Plaintiffs' Complaint. The "primary matter in dispute" in the Complaint is whether the INSCORP policy provides coverage for Dependable for the various construction defect cases in which Dependable has been a defendant. On that issue, even Dependable does not deny that its interests are aligned precisely with those of Fairmont and TIG. All of the other issues with respect to which Dependable

///

---

[2] The Ninth Circuit is not alone in utilizing the "primary purpose" test. *E.g., Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996) ("[A] court must first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue.")(internal quotes and citation omitted); *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) ("[T]he parties [should] be aligned in accordance with the primary dispute in controversy, even where a different, legitimate dispute between the parties supports the original alignment.").

claims to be adverse to Fairmont and TIG are issues that are not raised by the Complaint.

In a case virtually on all fours with the instant matter, the district court found that the non-diverse citizenship of certain defendants should be disregarded in determining the existence of federal jurisdiction. As in the present matter, in *New York State Insurance Fund v. U.S. Liability Insurance Co.*, No. 03 Civ. 6652 (LMM), 2004 U.S. Dist. LEXIS 3124 (S.D.N.Y. March 1, 2004), one insurer sought a declaration that another insurer was obligated to indemnify their mutual insureds. However, the complaint for declaratory relief named as defendants Master Duct and Pal Pal -- the two insureds -- who were non-diverse. In words that should resonate in this case, the district court stated:

> Here, the complaint seeks, in substance, only a declaration that U.S. Liability is obligated to indemnify Master Duct and Pal Pal. If plaintiff is successful, Master Duct and Pal Pal will surely not be prejudiced. Indeed, Master Duct and Pal Pal are properly aligned, for diversity purposes, as plaintiffs rather as defendants: if they have an interest in this case, the "collision of interests" involved . . . is between Master Duct and Pal Pal on the one hand, and U.S. Liability (which denied coverage), on the other, not between Master Duct and Pal Pal, on the one hand,

> and plaintiff (which seeks coverage for them), on the other.

2004 U.S. Dist. LEXIS 3124, at *5-*6 (emphasis in original) (citations and footnotes omitted).

That is precisely the situation here. Fairmont and TIG seek coverage under the INSCORP policy for Dependable. There is no "collision of interests" between Dependable and the two Plaintiff carriers on that issue. Rather, there is a collision of interests as to the only matter in controversy in the Complaint between Dependable and INSCORP.[3] Plainly, Dependable is properly aligned, not as a defendant, but as a plaintiff.

## III. IN LIGHT OF DEPENDABLE'S "SHAM" STATUS AND ITS MISALIGNMENT AS A DEFENDANT RATHER THAN A PLAINTIFF, DEPENDABLE'S CITIZENSHIP MUST BE DISREGARDED FOR PURPOSES OF THE "RULE OF UNANIMITY" AND THE "NO LOCAL DEFENDANTS RULE."

In another distraction, Dependable invokes what is now commonly known as the "rule of unanimity," which holds that if there are several defendants in an action, the right to remove belongs to them jointly, and all must join in the notice of removal. Dependable fails to note that this rule has several exceptions, one of which is that the citizenship of a misaligned defendant can be disregarded. *E.g.*, *Polyplastics, Inc. v.*

---

[3] Dependable's contention (Motion at 17) that it is an "indispensable" party to Plaintiff's action is incorrect, but even if it were correct, it would not matter. *Dolch*, *supra*, 702 F.2d at 181 (indispensability does not preclude realignment).

*Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (consent of misaligned defendant not required); *First National Bank of Chicago v. Mottola*, 302 F. Supp. 785, 789 (N.D. Ill. 1969), *aff'd sub nom. First National Bank of Chicago v. Ettlinger*, 465 F.2d 343 (7th Cir. 1972)("[The unanimous joinder requirement] cannot be reasonably be understood to give a party who in reality occupies a position in conflict with the other defendants a veto over the removal of the action."). *See New York State Insurance Fund*, *supra*, 2004 U.S. Dist. LEXIS 3124, at *7-8, *citing* 14 C. Wright & A. Miller, *Federal Practice & Procedure* § 3731 at 270 (2d ed. 1984). Thus, because Dependable is more properly aligned with Plaintiffs, rather than defendant INSCORP, the "rule of unanimity" has no applicability here. *Serstad v. Midland-Ross Corp.*, 471 F. Supp. 298, 300 (E.D. Wis. 1979)(defendant realigned as a party plaintiff "need not have joined in the petition for removal.").

Similarly without application is the requirement of 28 U.S.C. § 1441(b) that none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," i.e., the "no local defendants rule." Dependable cites this rule as well, and, ordinarily, the presence of Dependable as a defendant would in fact preclude removal, even if Dependable consented.

The inapplicability of that provision in the instant matter, however, is demonstrated by the very language of the statute, which requires that such a party be "properly joined" as a defendant. Again, for the reasons addressed above, and in INSCORP's Notice of Removal, Dependable is not "properly joined"

as a defendant because it is a "sham" defendant and, even if it were not, its interests are aligned with the Plaintiffs, rather than with defendant INSCORP.

IV. <u>DEPENDABLE'S INTENTION TO ASSERT A COUNTERCLAIM THAT INCLUDES NON-DIVERSE COUNTER-DEFENDANTS HAS NO RELEVANCE TO WHETHER DIVERSITY OF CITIZENSHIP EXISTS WITH RESPECT TO THE COMPLAINT, OR WHETHER THAT MATTER SHOULD BE REMANDED</u>.

Having failed to counter INSCORP's showing that Dependable is either a "sham" defendant, or is misaligned (or both), Dependable argues that it intends to assert a counter-claim against Fairmont, TIG and INSCORP that will also include counter-defendants who are citizens of the State of California. Dependable asserts that, once such a counterclaim is filed, complete diversity will be lacking and this matter will have to be remanded to state court (Motion at 19). This argument is without foundation.

In support of this proposition, Dependable cites *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999) and *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001)(Motion at 20). However, neither case has anything whatsoever to do with the present situation. In both, there was an amendment <u>by the Plaintiff to the removed complaint</u> adding non-diverse defendants. Pursuant to 28 U.S.C. § 1447(e), the district court was required to either deny joinder, or permit the joinder and remand the action to the state court. *E.g., Morris, supra,* 236 F.3d at 1068.

In the present case, however, Plaintiffs Fairmont and TIG have not sought to add any additional, non-diverse defendants to the removed complaint. Rather, Dependable states that it intends to assert a <u>counterclaim</u> in which some of the counter-defendants are non-diverse. That situation does not call for remand, but instead invokes the Court's supplemental jurisdiction, which can be exercised even as to non-diverse parties. In particular, 28 U.S.C. § 1367(a) permits the exercise of such supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." It does not matter whether or not the counterclaim is compulsory, but only that it form "part of the same constitutional case or controversy." *HB General Corp. v. Manchester Partners, LP*, 95 F.3d 1185, 1198 (3d Cir. 1996).

For example, in *State National Insurance Co. v. Yates*, 391 F.3d 577 (5th Cir. 2004), the plaintiff insurance company sought a declaratory judgment against its insured on the subject of coverage. The insured filed a counterclaim against the carrier and also added as a counter-defendant the insurance agent, who was non-diverse. Nevertheless, the court of appeals found that complete diversity was not destroyed by the counterclaim and, further, that the district court could exercise supplemental jurisdiction over the counterclaim. 391 F.3d at 580-81. *Accord HB General Corp.*, 95 F.3d at 1197-98 ("[I]n a diversity action, the district court may exercise supplemental jurisdiction over a <u>defendant's</u> counterclaim

///

against non-diverse parties joined as third-party defendants to the counterclaims.")(emphasis in original)(citation omitted).

That is precisely the situation here. If Dependable goes ahead with its intention to assert a counterclaim against, *inter alia*, non-diverse parties, that will not destroy complete diversity with respect to the Complaint (in light of the appropriate realignment of Dependable). Rather, it will provide a basis for the Court to assert supplemental jurisdiction over the counterclaim, and resolve the entire controversy within a single case.

V. <u>DEPENDABLE HAS ASSERTED UTTERLY NO PROPER BASIS FOR THE APPLICATION OF THE DOCTRINE OF ABSTENTION</u>.

As virtually an afterthought and as a final distraction, Dependable asserts that the Court should also remand based upon "principles of abstention," because the case arises "from events that occurred in California involving parties who are either residents of California or entities that have availed themselves of the rights and responsibilities associated with doing business in California." (Motion at 20.)

The only authority cited for this plea for the Court to abstain is *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996). However, there is nothing in *Quackenbush* that would support the application of abstention in this case. To the contrary, the *Quackenbush* Court observed "we have often acknowledged that federal courts have a <u>strict duty to exercise the jurisdiction</u> that is conferred upon them by Congress." 517 U.S. at 716 (emphasis added)(citation omitted). Indeed,

*Quackenbush* upheld the Ninth Circuit's order reversing the district court's remand, based on *Burford* abstention, of a removed action to state court because the action sought damages as well as equitable relief. There is nothing in *Quackenbush* to suggest that a district court should abstain from hearing cases seeking only equitable or declaratory relief, only that a court can abstain in such cases if other "exceptional circumstances" make it appropriate. *Id.*

By way of example, the Court in *Quackenbush* noted various situations in which abstention has been held to be appropriate, including "cases that would interfere with a pending state criminal proceeding," or "with certain types of state civil proceedings;" cases "in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law;" cases raising issues involving the state's sovereign prerogative; and several other extraordinary situations (*id.* at 716-17), none of which is present here.

There is nothing in *Quackenbush*, or in any other case we have found, in which any court has held it to be appropriate to abstain from hearing coverage disputes between insurance carriers so long as the other jurisdictional requisites are present, as they are here, even where California entities are involved. Indeed, this Court is doubtless well-aware that such disputes are often adjudicated in the federal courts, frequently after removal from state court

///

///

Conclusion

Dependable's motion for remand provides no basis whatsoever for this Court to remand this matter to state court. Dependable does not dispute that the Complaint seeks no relief against it or, as to the question whether the INSCORP policy provides coverage to Dependable (the sole issue raised by the Complaint), that Dependable's interests are aligned with those of the Plaintiffs, not with those of INCORP. Given that fact, Dependable's citizenship should be ignored in determining the existence of complete diversity for jurisdictional purposes. Such diversity would be unaffected by Dependable's proposed counterclaim, which can be heard by the Court under its supplemental jurisdiction.

For all of the foregoing reasons, INSCORP respectfully urges that Dependable's motion to remand this action to state court be denied.

COTKIN & COLLINS
A PROFESSIONAL CORPORATION

By [signature]
Robert G. Wilson

Dated: August 16, 2007

Attorneys for Defendant
Insurance Corporation of New York

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, PAT MEDINA, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 300 South Grand Avenue, 24th Floor, Los Angeles, California 90071-3134.

On August 16, 2007, I served the foregoing **INSCORP'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR REMAND** on interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

| | |
|---|---|
| X | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by facsimile machine compliant with Rule 2003 of Calif. Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| X | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 16, 2007, at Los Angeles, California.

Pat Medina
Declarant

**(SERVICE LIST)**

George D. Yaron, Esq.
Henry M. Su, Esq.
Yaron & Associates
601 California Street, 21st Floor
San Francisco, CA 94108
**(Attorneys for Plaintiffs)**

Joseph L. Oliva, Esq.
Oliva & Associates ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, CA 92128
**(Attorneys for Defendant Dependable Sheet Metal)**

INSCORP'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO MOTION FOR REMAND, CASE NO. C 07-03421 VRW

315385-1.wpd