Joseph L. Oliva, Esq., State Bar No. 113889
Stephen F. Yurcich, Esq., State Bar No. 211180
OLIVA & ASSOCIATES ALC
11770 Bernardo Plaza Court, Suite 350
San Diego, California 92128
Telephone: (858) 385-0491
Facsimile: (858) 385-0499

Attorneys for Defendant/Counter-Claimant,
DEPENDABLE SHEET METAL dba
DEPENDABLE HEATING AND AIR
CONDITIONING (erroneously sued herein as
DEPENDABLE SHEET METAL)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRMONT SPECIALTY INSURANCE COMPANY, a Delaware corporation; and TIG INSURANCE COMPANY, a California corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>INSURANCE CORPORATION OF NEW YORK, a New York corporation; DEPENDABLE SHEET METAL, a California corporation; and DOES 1 through 10,<br><br>                    Defendants.<br><br>AND ALL RELATED COUNTERCLAIMS. | CASE NO.: C07-03421 VRW<br><br>**REPLY IN SUPPORT OF DEFENDANT DEPENDABLE SHEET METAL'S MOTION TO REMAND THE ENTIRE ACTION BACK TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, CONTRA COSTA DISTRICT**<br><br>Date: SEPTEMBER 6, 2007<br>Time: 2:00 P.M.<br>Dept.: Courtroom 6, 17th Floor |

## **TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

II.  DEPENDABLE IS AN INDISPENSABLE PARTY TO THE PRESENT ACTION WHOSE PRESENCE IS ESSENTIAL TO ENSURE A JUST ADJUDICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. DEPENDABLE IS NOT MISALIGNED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IV.  DEPENDABLE'S PROPOSED COUNTER-CLAIM WOULD REQUIRE REMAND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

V.   INSCORP HAS FAILED TO MEET ITS BURDEN OF PROOF . . . . . . . . . . . . . . . .15

VI.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Cases**

Citizen v. Potawatomi Nation v. Norton
(10th Cir. 2001) 248 F.3d 993.........................................................8

Cobb v. Delta Exports, Inc.
(5th Cir. 1999) 186 F.3d 675......................................................... 13

Dodson v. Spiliada Maritime Cor.
(5th Cir. 1992) 951 F.2d 40.......................................................... 15

Green v. Amerada Hess Corp.
(5th Cir. 1983) 707 F.2d 201.........................................................14

In Fuchsberg & Fuchsberg v. Galizia
300 F.3d 105 (2nd Cir. 2002).........................................................11

Jernigan v. Ashland Oil Co.
(5th Cir. 1993) 989 F.2d 812......................................................... 14

Legg v. Wyeth
(11th Cir. 2005) 428 F.3d 1317.......................................................14

Lewis v. Time, Inc. (ED CA 1979)
83 FRD 455, 460, aff'd (9th Cir. 1983) 710 F.2d 549............................. 14

Morris v. Princess Cruise, Inc.
236 F.3d 1051 (9th Cir. 2001)........................................................12

Parks v. New York Times Co.
208 F.2d 474(5th Cir. 1962)..........................................................12

Provident Tradesmen's Bank & Trust Co. v. Patterson
(1968) 390 US 102; 88 S.Ct. 733.................................................... 8

Ritchey v. Upjohn Drug Co.
129 F.3d 1313 (9th Cir. 1998)........................................................12

Case 3:07-cv-03421-VRW     Document 16     Filed 08/23/2007     Page 4 of 16

Smith v. United Brotherhood of Carpenters
(6th Cir. 1982) 685 F.2d 164. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Travis v. Irby
(5th Cir. 2003) 326 F.3d 644. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14., 15

Village Management, Inc. v. Hartford Acc. and Indemnity Co.
662 F.Supp. 1366 (N.D.Ill. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11

Walsh Const. Co. of Illinois v. National Union Fire Ins. Co.
153 F.3d 830 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

White Hall Bldg. Corp. v. Profexray Division of Litton Indus., Inc.
(ED PA 1974) 387 F. Supp. 1202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Yellowstone County v. Pease
(9th Cir.1996) 96 F3d 1169. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**State Court Cases**

Aerojet-General Corp. v. Transport Indemnity Company,
17 Cal.4th 38 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 9

Buss v. Superior Court,
16 Cal.4th 35 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

Montrose Chemical Corp. v. Admiral Ins. Co.,
10 Cal.4th 645 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 9

Olszewski v. Scripps Health,
30 Cal.4th 798 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1. . . . . . . . . . . .8

**Statutes**

FRCP §19(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1447(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


**State Statutes**

Code of Civil Procedure Section 337.15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

Code of Civil Procedure Section 338. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 13

Code of Civil Procedure Section 339. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 13

Defendant DEPENDABLE SHEET METAL (hereinafter referred to as "DEPENDABLE") respectfully submits the following Reply in Support of its Motion to Remand this matter back to the Superior Court of the State of California, County of Contra Costa.

## I.

## SUMMARY OF ARGUMENT

The motion to remand should be granted based on the following:

1.  DEPENDABLE is a necessary and indispensable party to the present action. Specifically, DEPENDABLE has a right to target and elect which policy or policies should be targeted with respect to both the defense obligation and duty to indemnify. See, Aerojet-General Corp. v. Transport Indemnity Company, 17 Cal.4th 38 (1997). [It is the insured, not the insurer who dictates and controls which carrier is to fund both the defense and/or settlement with any award, judgment or settlement as long as such action does not interfere with the carrier's right of contribution.] Accordingly, INSCORP'S argument that DEPENDABLE is a sham defendant has no merit. Under the continuing loss doctrine, adopted by the Supreme Court of California in Montrose Chemical Company v. Admiral Ins. Co., 10 Cal.4th 645 (1995) it triggers all carriers on risk from date the insured's (DEPENDABLE) work was completed through the date of the filing of the underlying construction defect lawsuits, it is the insured that has the right to elect which policy to utilize in the satisfaction of any liability. The decision as to which policies are obligated to respond to a third party complaint rests initially with the insured, not with FAIRMONT or TIG, thus mandating that DEPENDABLE be named as a defendant in this action.

2.  DEPENDABLE is also a necessary and indispensable party because it has an interest in defending its own legal right arising from privity of contract to identify which carriers are to participate in the defense of underlying construction defect actions given its understanding of all the liability exposures and the necessity of generating defense strategies to protect its corporate assets which may or may not be consistent with the carrier's position

on each carrier's duty to participate in the defense or indemnity of DEPENDABLE. While DEPENDABLE has a right to file its own action on the appropriateness of the allocation required between the carriers on risk, i.e., INSCORP, TIG or FAIRMONT, by having all parties litigate the issue of allocation in one proceeding negates duplication, multiplicity of lawsuits and possible inconsistent judgments further warranting a court's finding that DEPENDABLE is a necessary and indispensable party as a named defendant to FAIRMONT's declaratory relief action establishing proper alignment between the parties defeating any diversity being asserted by defendant INSCORP.

3.  DEPENDABLE is a properly named defendant in the instant action for additional reasons most notably the fact that if FAIRMONT and TIG establish an absence of any duty to defend or indemnify and if at the same time, INSCORP is found to have no duty to defend the legal interests of DEPENDABLE in the underlying actions, then DEPENDABLE would have the obligation to fund its own defense or satisfy its own indemnity obligations and may be further subject to claims of reimbursement by FAIRMONT and TIG to the extent that they succeed in their legal position of the absence of any duty to defend or indemnify DEPENDABLE. See, Buss v. Superior Court, 16 Cal.4th 35 (1997).

Under Buss, a carrier may seek reimbursement for defense dollars or settlement funds paid by a carrier in the absence of any potential coverage. Accordingly, DEPENDABLE is not only a properly named party, but a necessary and indispensable party defendant because as a defendant it has the right to establish FAIRMONT and TIG'S obligations as opposed to INSCORP'S duties as to the duty to defend and indemnify. Indeed, DEPENDABLE may elect to take a position clearly in support of INSCORP that the entire duty to defend and indemnify is the obligation of FAIRMONT and TIG if the facts merit such a conclusion. As such, the parties are properly aligned and DEPENDABLE is not a sham or misaligned defendant.

4.  DEPENDABLE is also further aligned as a defendant because of its interest in making sure that no policy issued by INSCORP or any other carrier for that matter is

artificially eroded or exhausted by the payment of claims.  Moreover, as a defendant in this action, DEPENDABLE can assert legal arguments against FAIRMONT in order to preserve the INSCORP policies in connection with those claims that FAIRMONT is of the legal position that its duty to defend and indemnify should have been assumed or shared by INSCORP.  In general, DEPENDABLE prefers to have the earliest policies eroded or exhausted and to maintain or preserve the aggregates of its later policies in order to save these policies for future claims that may be asserted against DEPENDABLE within the pertinent statute of limitation periods. <u>See</u> CCP §§337.15, 338 and 339.   INSCORP assumes without any facts or evidence that the position taken in the complaint by FAIRMONT is agreed to or supported by DEPENDABLE when, in fact, in order to preserve the limits of the INSCORP policy for pending and future claims DEPENDABLE may desire that FAIRMONT and TIG fund the entire defense and indemnification of those matters alleged in FAIRMONT's complaint as long as not inconsistent with DEPENDABLE's counterclaim, so as to preserve the limits of the INSCORP policies.

    5. INSCORP, as part of its motion to transfer, is without any declaration or affidavit or documentary evidence that once FAIRMONT and TIG assume the defense of DEPENDABLE that DEPENDABLE at any interest or any continued desire to be defended by INSCORP in the matters pled by FAIRMONT in its complaint.

    6. If, for no other reason, DEPENDABLE is an indispensable party defendant because of its keen interest in being heard on the issue of INSCORP'S interpretation and application of its policy terms and conditions which may be adverse to FAIRMONT and TIG, but in favor of INSCORP'S position with respect to those matters pled in the FAIRMONT complaint.  Certainly, the named insured DEPENDABLE has an absolute right to introduce evidence and assert legal evidence as to how INSCORP'S policy terms and conditions must be construed in a given underlying construction defect matter and such legal interests cannot be said to be adverse to INSCORP given that DEPENDABLE seeks a preservation of the remaining aggregate limits under the INSCORP policies issued after the FAIRMONT policies.

H:\Dependable Sheet Metal - Inscorp\Pleading\Motion to Remand\Reply for Motion to  Remand P&As
AMM 072407.doc                                                CASE NO:  C07-03421 VRW
DEPENDABLE SHEET METAL'S REPLY IN SUPPORT OF MOTION TO REMAND
Page 8

## II.

## DEPENDABLE IS AN INDISPENSABLE PARTY TO THE PRESENT ACTION WHOSE PRESENCE IS ESSENTIAL TO ENSURE A JUST ADJUDICATION

INSCORP claims that DEPENDABLE is a "Sham" Defendant and not a proper party to the present litigation because as they claim the relief sought by TIG'S Declaratory Relief Cause of Action is only against INSCORP. This is incorrect on several fronts. First, FAIRMONT and TIG had no choice but to name all indispensable parties as Defendants under California Code of Civil Procedure §389; see also, Olszewski v. Scripps Health, 30 Cal.4th 798, 808-809 (2003)  ["A person is an indispensable party . . . when the judgment to be rendered necessarily must affect his rights."] This is further supported by Federal Rule of Civil Procedure §19 regarding joinder of indispensable parties which requires Plaintiff to join "all persons whose interests are such that in his or her absence complete relief cannot be accorded among those already parties; or who claims an interest relating to the subject matter of the action and whose absence may as a practical matter, impair, or impede the absent person's ability to protect that interest; or leave any of the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. See FRCP §19(a)(1); see also, Provident Tradesmen's Bank & Trust Co. v. Patterson (1968) 390 US 102, 110-111; 88 S.Ct. 733, 738-739.  If either of these grounds is satisfied the party is deemed "necessary".  Yellowstone County v. Pease (9th Cir.1996) 96 F.3d 1169, 1172.  The absent party need not actually possess an interest relating to the subject of the action.  It is sufficient that he or she claims such an interest and that the claim is not patently frivolous. Citizen v. Potawatomi Nation v. Norton (10th Cir. 2001) 248 F.3d 993, 998.  The primary purpose of Rule 19 is to assure that any judgment rendered will provide complete relief as to the existing parties and prevent repeated lawuits on the same subject matter. Smith v. United Brotherhood of Carpenters (6th Cir.  1982)  685 F.2d 164; White Hall Bldg. Corp. v. Profexray Division of Litton Indus., Inc. (ED PA 1974) 387 F. Supp. 1202, 1206.

///

Here, FAIRMONT and TIG could not in good faith file a Declaratory relief action and not include DPENDABLE as a party as DEPENDABLE has a material interest in the subject matter of the coverage dispute between the carriers. Specifically, DEPENDABLE has a right to target and elect which policy or policies should be targeted with respect to both the defense obligation and duty to indemnify. See, Aerojet-General Corp. v. Transport Indemnity Company, 17 Cal.4th 38 (1997). [It is the insured, not the insurer who dictates and controls which carrier is to fund both the defense and/or settlement with any award, judgment or settlement as long as such action does not interfere with the carrier's right of contribution.] Accordingly, INSCORP'S argument that DEPENDABLE is a sham defendant has no merit. Under the continuing loss doctrine, adopted by the Supreme Court of California in Montrose Chemical Company v. Admiral Ins. Co., 10 Cal.4th 645 (1995) which triggers all carriers on risk from date the insured's work was completed through the date of the filing of the underlying construction defect lawsuits. It is the insured that has the right to elect which policy to utilize in the satisfaction of any liability. Id. The decision as to which policies are obligated to respond to a third party complaint rests initially with the insured, not with FAIRMONT or TIG, thus mandating that DEPENDABLE Sheet Metal be named as a defendant in this action.

In addition, while FAIRMONT and TIG may disagree with DEPENDABLE'S conclusions as to their coverage obligations under Montrose and/or Aerojet they recognize the fact that a conflict exists. As a result FAIRMONT and TIG correctly named DEPENDABLE as a Defendant to their Declaratory Relief Action as necessary and indispensable party whose presence is required for a just adjudication. (See FAIRMONT's Response to DEPENDABLE'S Motion to Remand.)

Moreover, DEPENDABLE has its own legal right arising from privity of contract to identify which carriers are to participate in the defense of underlying construction defect actions given its understanding of all the liability exposures and the necessity of generating defense strategies to protect its corporate assets which may or may not be consistent with the

carrier's position on each carrier's duty to participate in the defense or indemnity of DEPENDABLE.  While DEPENDABLE has a right to file its own action on the appropriateness of the allocation required between the carriers on risk, i.e., INSCORP, TIG or FAIRMONT, by having all parties litigate the issue of allocation in one proceeding negates duplication, multiplicity of lawsuits and possible inconsistent judgments further warranting a court's finding that DEPENDABLE is a necessary and indispensable party as a named defendant to FAIRMONT's Declaratory Relief action thus establishing proper alignment between the parties defeating any claims of misalignment of fraudulent joinder being asserted by defendant INSCORP.

DEPENDABLE is a properly named defendant in the instant action for additional reasons most notably the fact that if FAIRMONT and TIG establish an absence of any duty to defend or indemnify and if INSCORP is found to have no duty to defend the legal interests of DEPENDABLE then DEPENDABLE would have the obligation to fund its own defense or satisfy its own indemnity obligations and may be further subject to claims of reimbursement by FAIRMONT and TIG to the extent that they succeed in their legal position of the absence of any duty to defend or indemnify DEPENDABLE.  See, Buss v. Superior Court, 16 Cal.4th 35 (1997).  Under Buss, a carrier may seek reimbursement for defense dollars or settlement funds paid by a carrier in the absence of any potential coverage.

If for no other reason, DEPENDABLE is an indispensable defendant because of its keen interest in being heard on the issue of INSCORP'S interpretation and application of its policy terms and conditions which may be adverse to FAIRMONT and TIG, but in favor of INSCORP'S position with respect to those matters pled in the FAIRMONT complaint. Certainly, the named insured DEPENDABLE has an absolute right to introduce evidence and assert legal evidence as to how INSCORP'S policy terms and conditions must be construed in a given underlying construction defect matter and such legal interests cannot be said to be adverse to INSCORP given that DEPENDABLE seeks a preservation of the remaining aggregate limits under the INSCORP policies issued after the FAIRMONT policies.

1  Finally, DEPENDABLE is an Indispensable Party because any determination as to the
2  respective duties of the carriers will have a preclusive affect on DEPENDABLE'S ability to
3  assert a coverage position contrary to this Court's finding in other litigation.  When the duty to
4  defend is adjudicated in a declaratory relief action, collateral estoppel precludes the duty to
5  defend from being re-litigated in a subsequent action regarding the same policy.  *See, e.g.*,
6  Walsh Const. Co. of Illinois v. National Union Fire Ins. Co.  153 F.3d 830, 832-833 (7th Cir.
7  1998); Village Management, Inc. v. Hartford Acc. and Indemnity Co. 662 F.Supp. 1366, 1373
8  (N.D.Ill. 1987).

9  In Fuchsberg & Fuchsberg v. Galizia 300 F.3d 105 (2nd Cir. 2002), for example, a law
10 firm was sued for malpractice in state court, and its insurer denied coverage on the ground a
11 potential claim was not disclosed at the inception of the policy.  The law firm brought a
12 declaratory relief action against the insurer in federal court, where a judgment was entered
13 ordering the insurer to defend and indemnify in the state action.  The district court held the
14 insurer was collaterally estopped from asserting the exclusion, as the same issue had already
15 been determined against the insurer in a separate action against a different law firm.  In the
16 separate action, which contained the exact same policy, the insurer argued for rescission
17 because a potential claim was not disclosed.  Even though the insurer did not address the
18 exclusion provision in the separate action, the Fuchsberg court found that the court in the
19 separate action "necessarily decided that [the exclusion] does not preclude coverage to the law
20 firm where one of its associates had concealed his own malpractice." Id. at 108-109.

21 The court went on to hold that when certain conduct is evaluated under a policy in one
22 action, it has collateral estoppel effect in a separate action interpreting the same policy, even
23 though it involves a different insured. Id. at 108-109.  In the present matter, DEPENDABLE
24 has several pending construction defect actions that involve the same carriers.  Therefore, any
25 coverage determination made by this Court will have a collateral estoppel effect in those
26 cases.  DEPENDABLE'S right to coverage is therefore in dispute making DEPENDABLE an
27 indispensable party to the present litigation.

28

## III.

## **DEPENDABLE IS NOT MISALIGNED**

A non-diverse party (Plaintiff or Defendant) named in a state court action may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party. Morris v. Princess Cruise, Inc., 236 F.3d 1051, 1067 (9th Cir. 2001). The question is whether there is any possibility that Plaintiff will be able to establish liability against the party in question. Ritchey v. Upjohn Drug Co., 129 F.3d 1313, 1318-1319 (9th Cir. 1998) under this approach, the joinder of a nondiverse defendant may be treated as "fraudulent" or a "sham" only where: (1) the complaint contains no cause of action whatsoever against that party; or (2) the cause of action is patently spurious; or (3) a nominal cause of action is stated, but there is no reasonable basis for imposing liability. Parks v. New York Times Co., 208 F.2d 474, 477 (5th Cir. 1962)

In short, DEPENDABLE is not misaligned. DEPENDABLE as a defendant can establish FAIRMONT and TIG'S obligations as opposed to INSCORP'S duties as to the duty to defend and indemnify. Indeed, DEPENDABLE may elect to take a position clearly in support of INSCORP that the entire duty to defend and indemnify is the obligation of FAIRMONT and TIG if the facts merit such conclusion. As such, the parties are properly aligned and DEPENDABLE is not a sham or misaligned defendant.

DEPENDABLE is also further aligned as a defendant because of its interest in making sure that no policy issued by INSCORP or any other carrier for that matter is artificially eroded or exhausted by the payment of claims. Moreover, as a defendant in this action, DEPENDABLE can assert legal arguments against FAIRMONT in order to preserve the INSCORP policies in connection with those claims that FAIRMONT is of the legal position that its duty to defend and indemnify should have been assumed or shared by INSCORP. In general, as part of DEPENDABLE authority to control its defense it has the right to have the earliest policies eroded or exhausted first and to maintain or preserve the aggregates of its later policies in order to save these policies for future claims that may be asserted against

1  DEPENDABLE within the pertinent statute of limitation periods. See CCP §§337.15, 338 and
2  339.   INSCORP assumes without any facts or evidence that the position taken in the
3  complaint by FAIRMONT is agreed to or supported by DEPENDABLE when, in fact, in
4  order to preserve the limits of the INSCORP policy for pending and future claims
5  DEPENDABLE may desire that FAIRMONT and TIG fund the entire defense and
6  indemnification of those matters alleged in FAIRMONT's complaint as long as not
7  inconsistent with DEPENDABLE's counterclaim, so as to preserve the limits of the
8  INSCORP policies.
9       Moreover, as FAIRMONT and TIG'S Response to DEPENDABLE'S Motion to
10  Remand establishes FAIRMONT and TIG disagree with DEPENDABLE'S coverage analysis
11  with regards to their coverage obligation to all the homes, but in so doing recognizes the fact
12  that the dispute in itself "serves as the basis for the *bona fide* dispute that exists between
13  Plaintiffs and DEPENDABLE."

14  **IV.**

15  **DEPENDABLE'S PROPOSED COUNTER-CLAIM WOULD REQUIRE REMAND**

16       The plain language of 28 U.S.C. § 1447(e) requires remand:

17
18
19  > If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

20       As the Court noted in Cobb v. Delta Exports, Inc. (5th Cir. 1999) 186 F.3d 675, 677
21  §1447(e) by expressly giving a district court only two options indicates that the court may not
22  permit joinder of non-diverse defendants but then decline to remand.  In this case,
23  DEPENDABLE has been precluded form filing its Counter-Claim naming HDR Insurance
24  Managers, LLC, Mr. Clauser, and Novapro as parties to the present litigation by INSCORP'S
25  Motion to Transfer.  Once these jurisdictional issues are resolved DEPENDABLE will
26  proceed with naming these individuals because of their ties to INSCORP and their role
27  relating to the issue of INSCORP'S reliance on a "Continuous and Progressive Injury
28

H:\Dependable Sheet Metal - Inscorp\Pleading\Motion to Remand\Reply for Motion to  Remand P&As
AMM 072407.doc      CASE NO:  C07-03421 VRW
DEPENDABLE SHEET METAL'S REPLY IN SUPPORT OF MOTION TO REMAND
Page 14

1 Limitation" that was not in DEPENDANBLE'S original policy and which was never presented to DEPENDABLE as an endorsement for any subsequent policies. (See the Declaration of Jayne Loughry.) As such, DEPENDABLE will argue at the appropriate time and in the appropriate forum that these individuals are themselves necessary and indispensable parties to the present litigation.

## V.

### INSCORP HAS FAILED TO MEET ITS BURDEN OF PROOF

INSCORP'S Opposition continues to claim despite clear and convincing evidence to the contrary that DEPENDABLE does not have an interest in FAIRMONT and TIG'S Declaratory Relief Action. The burden is on the removing defendant to show by a preponderance of the evidence that the nondiverse defendant is a "sham" or was "fraudulently" joined. Lewis v. Time, Inc. (ED CA 1979) 83 F.R.D. 455, 460, aff'd (9th Cir. 1983) 710 F.2d 549). [Emphasis added.] In determining fraudulent joinder, a trial judge may "pierce the pleadings" and consider summary judgment-type evidence in the record. Any ambiguities or contested issues of fact must be resolved in plaintiff's favor. [Emphasis added.] Travis v. Irby (5th Cir. 2003) 326 F.3d 644, 649.) The removing defendant has the "heavy burden" of alleging and proving the nondiverse party's joinder is "sham" or "fraudulent." Jernigan v. Ashland Oil Co. (5th Cir. 1993) 989 F.2d 812, 815-816. [Emphasis added.] The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. Green v. Amerada Hess Corp. (5th Cir. 1983) 707 F.2d 201, 205. [Emphasis added.] All factual and legal issues must be resolved in favor of a plaintiff seeking remand. Legg v. Wyeth (11th Cir. 2005) 428 F.3d 13176, 1322-1323. [Emphasis added.] The Court does not look at whether plaintiff will actually or even probably prevail on the merits, but only looks for a possibility that he may do so. Dodson v. Spiliada Maritime Cor. (5th Cir. 1992) 951 F.2d 40, 42-43.)

/ / /

1  As discussed in DEPENDABLE'S moving papers, the Declaration of Jayne Loughry, supporting exhibits, this Reply and the Response filed by FAIRMONT and TIG provide ample evidence is in support of the fact that DEPENDABLE has a significant interest in this Court's determination of FAIRMONT and TIG'S Declaratory Relief Action.  Such a determination not only has direct bearing on DEPENDABLE'S rights under California law with regards to how it directs coverage by its carriers, but affects what defense is available to protect its legal interest now and for years to come.  Again, <u>any ambiguities or contested issues of fact must be resolved in plaintiff's favor.</u>  [Emphasis added.]  <u>Travis v. Irby</u> (5th Cir. 2003) 326 F.3d 644, 649.)  INSCORP has not only failed to meet its burden of proof it has not submitted any "summary judgment type evidence" that even attempts to meet their burden of proof.  The only evidence that has been put before this Court is evidence by DEPENDABLE which clearly supports Remand back to the Superior Court of the State of California – County of Contra Costa.

## VI.

## **CONCLUSION**

For the reasons set forth herein Defendant DEPENDABLE SHEETMETAL respectfully requests that this Court grant its Motion and Remand the entire action back to the Superior Court of California, Contra Costa County.

DATED: August 23, 2007					OLIVA & ASSOCIATES, ALC

						 */s/Joseph L. Oliva*

					By: _____
						Joseph L. Oliva, Esq.
						Michael S. Faircloth, Esq.
						Attorneys for Defendant,
						DEPENDABLE SHEET METAL